■ In the Matter of JAMES C. HOTALING, Respondent, v. GENERAL ELECTRIC COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 24, 1974, which awarded disability benefits under the Disability Benefits Law. Claimant was hospitalized in Houston, Texas under the care of a prominent surgeon for certain procedures necessitated as part of a one-year postoperative evaluation following open-heart surgery. Upon his return to his home in this State he developed a respiratory ailment. A call on his behalf to the surgeon in Texas resulted in a direction to remain home from work until June 19, 1973. The written report of this surgeon also states that claimant would be unable to perform his usual work until June 19, 1973. Claimant's application for disability benefit payments for the period following his discharge from the hospital unitl his return to work on that date was rejected on the grounds he was not disabled within the meaning of the law and that he received no medical treatment during that period. The board has concluded that claimant was under medical treatment during the disputed period of his disability. There is ample evidence that the claimant certainly considered himself under the doctor's care. Furthermore, there is substantial evidence to support the finding of continued care by a physician (Workmen's Compensation Law, § 205, subd. 2). Simple justice and the practicalities of daily life require a liberal interpretation of the meaning of "under the care of a physician" (*Matter of Carbone* v. *B & R Trucking Co.*, 23 A D 2d 910). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.