■ In the Matter of the Claim of SANNA POND, Respondent, v CHARLES F. OLIVER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed March 28, 1984.

The employer and its carrier appeal from a decision of the Workers' Compensation Board which ruled that claimant was entitled to disability benefits for the period September 18, 1982 to March 14, 1983. They contend that there is no basis in the record for a finding that claimant was unable to work during this period. Claimant was employed as a secretary in a farm implement business for several years. In September 1982, when she was several months pregnant, claimant was advised by her obstetrician to stop work due to the presence of paint fumes at her place of employment which posed a potential hazard to the fetus. She advised her employer of this problem and he agreed to discontinue any further painting. Nonetheless, claimant continued to smell paint fumes whenever the heating system was activated and stopped working on September 17, 1982. Thereafter, she underwent a Caesarean section on January 17, 1983 and, due to the surgery, remained disabled until March 14, 1983.

The employer testified that the building housing the business was partitioned into two separate areas, a display area in which claimant's office was located, and a storage area where occasional painting was performed. The employer conceded that paint fumes could be detected in the display area, but stated that no further painting was done after claimant notified him of her problem. Since the hazard was ostensibly alleviated, the employer urges that claimant was no longer disabled and voluntarily withdrew from the labor market. Whether, as claimant testified, the paint fumes persisted presented a credibility question of fact for the Board to resolve. Since the Board could rationally conclude that the work area was never completely cleared of paint fumes and claimant was admonished by her physician not to remain in such an environment, there is ample basis to support the Board's determination that claimant was

disabled in connection with her pregnancy (Workers' Compensation Law § 201 [9]; *see, Matter of Hotaling v General Elec. Co.,* 47 AD2d 689).

Claimant's separation from her employment was clearly not voluntary, but occasioned by illness and the advice of her physician. Nor, contrary to the employer's contentions, was claimant required to seek employment elsewhere. The disability during employment contemplated by the Disability Benefits Law (Workers' Compensation Law art 9) is one which prevents an employee from performing her regular job or some other function offered by the same employer (Workers' Compensation Law § 201 [9]). There is nothing in the record to establish that claimant could have performed a separate function for her employer without encountering the same hazards or, in fact, that such employment was even offered. The medical evidence in the record supports the claimed disability through March 14, 1983. The decision is supported by substantial evidence and we, accordingly, affirm *(see, Matter of Kallir v Friendly Ice Cream,* 93 AD2d 246, *lv denied* 60 NY2d 554).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.