■ In the Matter of the Claim of Roy Howe, Respondent, v New York State Department of Corrections et al., Appellants. Workers' Compensation Board, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed January 9, 1987, which ruled that the employer's workers' compensation insurance carrier interposed objections without just cause and affirmed a $500 penalty against the carrier.

By this appeal, claimant's employer and its workers' compensation insurance carrier challenge the imposition of a $500 penalty resulting from a finding that the carrier interposed objections to claimant's claim for benefits without just cause (see, Workers' Compensation Law § 25 [2] [c]). We affirm.

There is a strong public policy toward providing employees injured in work-related accidents with benefits under the Workers' Compensation Law within the shortest possible time after the accident or disability has occurred (see, Matter of Smith v City of Rochester, 285 App Div 46). There is, further, a presumption, in the absence of substantial evidence to the contrary, that the claim is compensable (see, Workers' Compensation Law § 21 [1]). The Legislature provided that employers or carriers who decline to pay benefits and controvert a claim by interposing objections to an award without just cause will be subject to a monetary penalty not to exceed 15% of such award (Workers' Compensation Law § 25 [2] [c]).

It was reasonable for the Workers' Compensation Board to interpret Workers' Compensation Law § 25 (2) (c) as requiring the carrier to offer an objective rational basis for controverting the claim and that "just cause" necessitated the presentation of relevant, objective and reasonable evidence to support a finding that claimant had not injured himself at work, as he had claimed. In our view, the Board construed the statute in a reasonable manner and in accordance with the legislative intent (see, Matter of Surdi v Premium Coal & Oil Co., 52 NY2d 860). We reject the carrier's contention that a good-faith belief that viable grounds for controversy exist should defeat the penalty. A purely subjective belief, even if genuine, will not suffice. Moreover, the application of the standard urged by the carrier would not cause a different result because, in our view, there was no factual basis upon which the carrier could have formed a good-faith belief that the claim was false.

Immediately after the incident, the employer commenced an investigation which verified that claimant reported an injury to his back as the result of a fall in the staff dining bathroom, that he complained of severe pain, was examined by the supervising nurse and taken to the hospital, and that he was later returned to the facility and then transported to his home because of his complaints of severe pain. It was also aware of the June 21, 1985 report of Dr. Richard Moscowitz indicating that claimant had suffered an acute lumbar sprain as the result of a fall in the bathroom in the officers' mess hall. Nevertheless, the carrier controverted the claim pursuant to the employer's request, raising the issues of "accident arising out of and in the course of employment, causal relationship, and prima facie medical evidence".

At the first hearing, when the carrier produced only one witness and came forward with no evidence to disprove the claim, claimant requested that it be penalized for interposing objections to an award of compensation without just cause. The case was adjourned for two months to give the carrier a final opportunity to produce witnesses. In the meantime, the carrier received further medical evidence of disability, but it continued to controvert the claim. At a hearing conducted on October 21, 1987, the carrier produced four witnesses, not one of whom contradicted claimant's explanation as to how his injury occurred, although Correction Sergeant John Rampe did testify that his investigation of the bathroom shortly following the incident disclosed no slippery conditions. In sum, the facts upon which the carrier allegedly based its good-faith belief are either irrelevant or inconclusive.[1]

We conclude that the employer and carrier had ample time and opportunity to and did fully investigate the claim before a notice on controversy was filed,[2] and continued to dispute the claim for a number of months thereafter without just cause. None of the testimony adduced at the hearing varied from carrier's investigation, which was completed within a matter of days after the incident. This case falls squarely within the intent of Workers' Compensation Law § 25 (2) (c), which was enacted to penalize carriers for objecting to claims based upon

---

1. The testimony of Rampe that his investigation disclosed no slippery conditions is inconclusive in view of the lapse of time before he made his observation.

2. Even were this not so, additional issues may be raised if it can be shown that such issues were not raised due to mistake, inadvertence, omission, irregularity, defect or surprise, or based upon newly found evidence (Workers' Compensation Law § 25 [2] [b]).

supposition, innuendo and the unfounded hope that a claimant will recant if forced to testify. On the record presented here, it cannot be said that the Board erred in affirming the imposition of the penalty.

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.

