■ In the Matter of the Claim of LELA L. HARRIS, Respondent, v SYRACUSE UNIVERSITY, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeals (1) from a decision of the Workers' Compensation Board, filed March 7, 1989, as amended by decision filed October 20, 1989, which ruled that claimant did not make a false statement for the purpose of obtaining workers' compensation benefits, and (2) from a decision of said Board, filed April 18, 1990, which adhered to a prior decision awarding claimant workers' compensation benefits.

Claimant commenced employment with Syracuse University (hereinafter the employer) in August 1986. In connection therewith, she completed a written health statement on which she failed to disclose her preexisting multiple sclerosis. In March 1987, claimant made application for and the self-insured employer began to pay disability benefits. However, in May 1987 the employer rejected the claim upon the ground that claimant falsely responded to questions on the preemployment health statement and that such false responses rendered her ineligible for disability benefits pursuant to Workers' Compensation Law § 220 (6), which provides: "any person who for the purpose of obtaining any benefit or payment under [Workers' Compensation Law article 9] or for the purpose of influencing any determination regarding any ben-

efit payment, knowingly makes a false statement with regard to a material fact, shall not be entitled to receive benefits with respect to the disability claimed". Claimant applied to the Workers' Compensation Board for review of the employer's denial of benefits and, ultimately, the Board decided that claimant was not precluded from receiving disability benefits in the absence of evidence in the record establishing that claimant made a false statement for the specific purpose of obtaining disability benefits. The employer appeals.

There should be an affirmance. In our view, the Board interpreted Workers' Compensation Law § 220 (6) in a reasonable manner, in accordance with the clear legislative intent (see, Matter of Howe v New York State Dept. of Corrections, 141 AD2d 993, lv denied 73 NY2d 705) and the humanitarian purpose of Workers' Compensation Law article 9 (see, Matter of Kallir v Friendly Ice Cream, 93 AD2d 246, 247, lv denied 60 NY2d 554). In contrast, the employer's contention that a statement made in an effort to obtain employment is, of necessity, made in an effort to obtain all benefits of that employment, including disability benefits, defies logic, particularly in view of the fact that Workers' Compensation Law § 220 (6), a penal statute, must be construed narrowly (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 271, 273). Moreover, we agree with the Board that claimant was under no compulsion to respond to any inquiry about her medical condition which was not based upon a bona fide occupational qualification (see, Executive Law § 296 [1] [d]; State Div. of Human Rights v Xerox Corp., 65 NY2d 213, 218).

Decisions affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.