■ In the Matter of the Claim of MICHAEL A. LENZ, Respondent, v FORT MILLER COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [620 NYS2d 593] —White, J. Appeal from a decision of the Workers' Compensation Board, filed July 16, 1993.

We affirm the decision of the Workers' Compensation Board that claimant is not precluded from receiving compensation benefits by Workers' Compensation Law § 43.*

The record shows that when claimant applied for employment at Fort Miller Company, he completed a "Job Placement

---

* Workers' Compensation Law § 43 reads: "If an employee, at the time of his employment, wilfully and falsely represents in writing that he has not previously suffered from the disease which is the cause of the disability or death, no compensation shall be payable."

Medical Questionnaire". In response to the question of whether he ever had "numbness hands, feet", he wrote no. Claimant commenced working at Fort Miller on August 4, 1990 at a job that required repetitive use of his wrists. Soon thereafter he began experiencing pain in both wrists and arms and sought medical advice in October 1990. At that point, he was diagnosed as suffering from moderately severe, bilateral carpal tunnel syndrome. He then filed a claim for workers' compensation benefits claiming his condition arose out of his employment.

Fort Miller controverted the claim on the ground it was barred by Workers' Compensation Law § 43 since claimant had falsely represented his medical history. Fort Miller supported its position with proof that claimant had told his doctors that he had numbness and loss of feeling in his hands for more than 10 years prior to the fall of 1990. Further, in a Community Health Plan health assessment questionnaire completed in October 1985, claimant indicated that he had been hospitalized in 1984 for nerve damage in both arms.

Despite this medical history, claimant stated that he provided a negative response to the subject question because he took it to refer to a continuous condition of numbness, not just the transient "falling asleep" of his hands that he had previously experienced which he attributed to a circulation problem stemming from an elbow injury. To show that he had not willfully misrepresented his physical condition, claimant pointed out that he had freely answered yes to a number of questions on the form and had provided explanatory information regarding those answers. In addition, claimant's physician indicated that claimant had no knowledge that he was suffering from carpal tunnel syndrome until he was diagnosed with that condition in October 1990.

The salient factor in assessing this record is that Workers' Compensation Law § 43 is in the nature of a penal statute that should be narrowly construed (see, Matter of Harris v Syracuse Univ., 168 AD2d 791, appeal dismissed, lv denied 77 NY2d 978). As construed, it has no applicability here since it is limited to those instances where an employee fails to disclose that he or she suffered from a disease and not, as here, from the symptoms of a disease. In any event, there is no evidence that, at the time he completed the questionnaire, claimant knew he suffered from carpal tunnel syndrome or that such condition had prevented him from doing similar work in the past, or that he had previously received disability benefits on account of suffering from carpal tunnel syndrome

or had been advised to limit his activities on account thereof. Therefore, the Board's determination that claimant did not willfully or falsely represent his medical history, as he was unaware of his true condition when he completed the questionnaire, is supported by substantial evidence (see, Annotation, *Eligibility For Workers' Compensation as Affected by Claimant's Misrepresentation of Health or Physical Condition at Time of Hiring,* 12 ALR5th 658, 680-681).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.