■ In the Matter of EDWARD I. BYER, Appellant, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. — Appeals (1) from a judgment of the Supreme Court at Special Term (Klein, J.), entered May 19, 1981 in Albany County, which dismissed petitioners' application in a proceeding pursuant to CPLR article 78, to require respondents to pay interest on petitioner's annuity account for the period from May 1, 1980 to July 22, 1980, and (2) from a judgment of said court, entered November 2, 1981 in Albany County, which denied petitioner's motion for reargument and again dismissed the petition. In 1977, petitioner became a member of respondent New York State Employees' Retirement System (System) by transfer from the New York City Retirement System. Prior to his retirement from State employment on May 1, 1980, petitioner applied for a refund of his excess contributions held by the System. On July 22, 1980, the System transmitted to petitioner $46,444.50

representing his excess contributions through April 1, 1980 of $46,328.68 together with interest thereon at 3% per annum through April 30, 1980. When the System refused to remit interest for the period from May 1 to July 22, 1980,[*] the underlying article 78 proceeding giving rise to this appeal was commenced. As the agency and officer accountable for administering the Retirement and Social Security Law, respondents are responsible for construing the statute in the first instance (*Matter of Levene v Levitt,* 63 AD2d 787). That construction, if not irrational or unreasonable, will be upheld (*Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Nutt v New York State Employees' Retirement System,* 72 AD2d 898). The Retirement and Social Security Law at issue explicitly provides that "[m]embership in the retirement system shall cease * * * [w]hen a member shall retire" (Retirement and Social Security Law, § 40, subd f, par 3). At any time before retirement, a "member" may withdraw excess contributions with accrued interest (Retirement and Social Security Law, § 51, subd c). There is no statutory authority empowering respondent Comptroller to pay interest to a nonmember or former member of the System. We find it not at all unreasonable for respondents to have concluded that these statutes, taken together, allow for the payment of interest only while membership in the system continues, but preclude any such payment once a member has withdrawn from the System. Nor is that conclusion to be discredited because petitioner continues to receive a monthly pension from the System; there is simply no statutory entitlement to interest beyond the effective date of petitioner's retirement. And, in the absence of any showing that respondents were deliberately dilatory in repaying petitioner, this holds true despite the fact that the money remains in the System's account until the refund application can be processed. In affirming Special Term's dismissal of the petition, we see no need to confront whether petitioner exhausted his administrative remedies before initiating this proceeding. Since that aspect of petitioner's appeal which purports to review the denial of his reargument motion is not appealable (*De Vore v Osborne,* 78 AD2d 915), it must be dismissed. Judgment entered May 19, 1981 affirmed, without costs. Appeal from judgment entered November 2, 1981 dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.

* Initially petitioner sought interest at the rate of 5% over this period, but later conceded that any interest awarded should be at the 3% rate because he was not a member of the System at the end of the 1980-1981 fiscal year (see Retirement and Social Security Law, § 2, subd 26, par c; § 13, subd i).