In the Matter of the Claim of MELISSA KALLIR, Respondent, v FRIENDLY ICE CREAM et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, April 28, 1983

APPEARANCES OF COUNSEL

*Davoli, McMahon & Kublick, P. C. (Joseph P. Stanley* of counsel), for appellants.

*Robert Abrams, Attorney-General (Henriette Frieder* of counsel), for Workers' Compensation Board, respondent.

OPINION OF THE COURT

SWEENEY, J.

This is a claim for disability benefits arising out of a pregnancy. The facts are not in dispute. Claimant gave birth to her child on September 12, 1980 and received benefits for the period July 25, 1980 through November 12, 1980. Claimant filed for additional benefits based on the ground she was unable to work because the baby was suffering from an allergic condition, requiring breast feedings. The board allowed the additional benefits as based on a disability due to a complication of pregnancy. This appeal ensued.

A resolution of the controversy involves an interpretation of subdivision 3 of section 205 of the Workers' Compensation Law as it read at the time of claimant's alleged disability which then provided as follows:

"No employee shall be entitled to benefits under this article * * *

"3. notwithstanding any other provision of law, for a period of disability in excess of eight weeks caused by or arising in connection with a pregnancy except for a period of disability occurring as a result of a complication of such pregnancy, and the liability of the employer or the chairman as provided in this article shall be the exclusive statutory remedy of an employee for disability caused by or arising in connection with a pregnancy."

More specifically, the issue narrows to the meaning of the phrase "disability occurring as a result of a complication of such pregnancy". Concededly, the claimed disability is not with the claimant mother but rather with the newborn child. While claimant is physically able to return to work, doing so could be seriously detrimental to the health of the infant due to claimant's unavailability for breast feedings. Such a Hobson's choice leaves the mother no alternative but to stay home and feed the infant. Significantly, only claimant can satisfy the specific need of the child. The over-all purpose of this 1977 amendment to the Workers' Compensation Law was to update the benefits under the statute to meet the human needs of workers who are unemployed or who, because of illness or injury, are dependent upon such benefits (L 1977, ch 675, § 1). It specifically increased the pregnancy benefits beyond an eight-week period. The statute should be liberally and humanely interpreted to effect the intent and purpose of the legislation (*Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492, 495). Under these unique circumstances, the child's condition is both biologically and realistically inextricably connected with the pregnancy. In light of these unusual circumstances and the general rules of construction, we are unable to say that the board's determination is irrational or unreasonable and, consequently, we should not disturb it (*Matter of Howard v Wyman*, 28 NY2d 434, 438; *Matter of Byer v New York State Employees' Retirement System*, 90 AD2d 865; *Matter of Giaquinto v Major Sanitation*, 89 AD2d 66, mot for lv to app den 58 NY2d 604).

The decision should be affirmed, with costs to the Workers' Compensation Board.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Decision affirmed, with costs to the Workers' Compensation Board.