■ In the Matter of ENERGY EXPO, INC., et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the State Division of Human Rights, dated July 19, 1983, which, after a hearing, found,

*inter alia,* that Energy Expo, Inc., and Arthur Stabbe discriminated against complainant because of her sex, in the terms, conditions or privileges of employment in violation of the Human Rights Law (Executive Law § 296 [1] [a]).

Order confirmed and proceeding dismissed, with costs to respondent Bang to be taxed by the County Clerk of Nassau County.

After an investigation, the Regional Director of the New York State Division of Human Rights found there to be probable cause to believe that Energy Expo, Inc., Arthur Stabbe, Stuart Senter and Richard D. Stuts engaged in the unlawful discriminatory practice charged in the complaint, to wit, that they terminated complainant's employment because of her pregnancy, and recommended that a hearing be held thereon. It was the position of Energy Expo, Inc., Stabbe, Senter and Stuts at the hearing before an administrative law judge that while it is true that complainant's employment was terminated on August 5, 1982, when she was in her second month of pregnancy, the nature of their business justified such action because her pregnancy rendered complainant physically unable to perform her job functions. After reviewing the record of the hearing and the findings of the administrative law judge, the Commissioner of the New York State Division of Human Rights found, *inter alia,* that Energy Expo, Inc. and Stabbe discriminated against complainant because of sex and found Senter and Stuts not guilty of such discrimination.

Inasmuch as complainant had made out a prima facie case that she was discharged from her employment because of the gender-related condition of pregnancy, it became the petitioners' burden to prove that the circumstances warranted their treatment of claimant (*Board of Educ. v New York State Div. of Human Rights,* 42 AD2d 49, 52, *affd* 35 NY2d 674). We have reviewed the record and conclude that petitioners Energy Expo, Inc. and Stabbe have failed to meet that burden, and that there was substantial evidence to support the Commissioner's determination that the petitioners engaged in unlawful discrimination when terminating complainant's employment (Executive Law § 298; *see, 300 Gramatan Ave. Assoc. v State. Div. of Human Rights,* 45 NY2d 176).

Complainant demonstrated that the sole reason her employment was terminated was because she was pregnant (*cf. Matter of Galante & Son v State Div. of Human Rights,* 76 AD2d 1023, *affd* 52 NY2d 962) and petitioners failed to articulate a legitimate, nondiscriminatory reason for terminat-

ing her employment on August 5, 1982 (*see, McDonnell Douglas Corp. v Green,* 411 US 792, 802). Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.