■ CYNTHIA FLOWERS, Respondent, v STILLROCK MANAGEMENT INC., Appellant, et al., Defendants.

Plaintiff's sixth cause of action alleging that defendants created a "confidence crisis" with her clients fails to set forth any cognizable cause of action. Further, plaintiff's assertion that counsel for defendants advised her that defendant-appellant's clients would be informed regarding the reasons for her termination does not state a cause of action for defamation, which requires that the particular words complained of be set forth in the complaint (CPLR 3016 [a]; *Alanthus Corp. v Travelers Ins. Co.,* 92 AD2d 830).

Plaintiff's seventh cause of action seeking punitive damages for sex discrimination must be dismissed for failure to set forth any fact from which it can be concluded that she was terminated due to her pregnancy. There is no basis to conclude that a death and disability provision in plaintiff's employment agreement was applied to plaintiff, and, in any case, the subject provision is facially neutral, non-discriminatory and clearly comports with Executive Law § 296 (1) (g) *(see, Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.,* 41 NY2d 84).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.