■ In the Matter of DIAZ CHEMICAL CORPORATION, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [654 NYS2d 907] —Determination modified on the law and as modified confirmed without costs in accordance with the following Memorandum: Petitioner has failed to demonstrate that it suffered substantial actual prejudice by reason of the 14-year delay of respondent New York State Division of Human Rights (SDHR) in reaching a final determination and thus petitioner is not entitled to dismissal of the petition (*see, Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 624). Nevertheless, we do not condone SDHR's extraordinary delay in

resolving complaints (see, Matter of Alverson v State Div. of Human Rights, 181 AD2d 1019 [Balio, J., concurring]).

The determination of the Commissioner that petitioner committed an unlawful discriminatory practice by terminating the employment of complainant because of her pregnancy is supported by substantial evidence (see, Matter of Consolidated Edison Co. v New York State Div. of Human Rights, 77 NY2d 411, 417, rearg denied 78 NY2d 909; Matter of Heidie Tuxedos & Formals v New York State Div. of Human Rights, 224 AD2d 1022).

We conclude, however, that the award of damages for mental anguish is excessive. Complainant testified that she was "very upset" and "very emotionally distraught" because the termination of her employment would result in termination of her medical insurance. Complainant admitted, however, that within approximately one month she learned that she would be covered by her husband's health insurance carrier, which resolved much of her distress. Although proof of mental anguish may be established by the testimony of the complainant alone (see, Matter of New York City Tr. Auth. v State Div. of Human Rights, 78 NY2d 207, 216; Matter of New York State Dept. of Correctional Servs. v State Div. of Human Rights, 207 AD2d 585, 586), an award of $5,000 is more consistent with awards for mental anguish made in similar cases (see, Matter of Heidie Tuxedos & Formals v New York State Div. of Human Rights, supra; Matter of City of Fulton v New York State Div. of Human Rights, 221 AD2d 971).

Thus, we modify the determination by reducing the award for mental anguish to $5,000 and otherwise confirm the determination.

All concur except Balio and Boehm, JJ., who dissent and vote to annul the determination in the following Memorandum.

Balio and Boehm, JJ. (dissenting). We respectfully dissent. In Matter of Alverson v State Div. of Human Rights (181 AD2d 1019), Justice Balio concurred separately to state his view that the "lengthy delay [of the New York State Division of Human Rights (SDHR)] in reaching a final determination has become so blatant and routine that the statutory time directive is a mockery, necessitating some action." The delay in Alverson was a "mere" six years and five months. Since that decision, SDHR has asked our judicial system to ignore an even lengthier delay of 8$\frac{1}{2}$ years (see, Matter of Corning Glass Works v Ovsanik, 84 NY2d 619) and has prevailed. At some point in time, enough is enough. That point has been reached

and exceeded where, as here, there is an unexplained and unjustified delay of 14 years.

The Legislature, in setting forth the time constraints for such proceedings, contemplated that the typical administrative proceeding seeking redress for an unlawful discriminatory practice would be decided and an order issued within 470 days, or less than one year and four months, from the filing of the complaint with SDHR (*see,* Executive Law § 297). Specifically, subdivisions (2) and (4) provide that SDHR "shall determine" within 180 days of the filing of the complaint (or 100 days in the case of housing discrimination) whether it has jurisdiction and whether there is probable cause to believe that the respondent has engaged in an unlawful discriminatory practice and, assuming that to be the case, shall notify the respondent within 270 days of the filing of the complaint that a hearing will be held no less than 5 and no more than 15 days from the date of the notice. Subdivision (4) further directs SDHR to decide the case and issue an order within 180 days of commencement of the hearing.

Even though the time constraints set forth in Executive Law § 297 are directory, not mandatory, and, thus, absent prejudice the courts ordinarily will not divest SDHR of jurisdiction (*see, Matter of Corning Glass Works v Ovsanik, supra,* at 624), the protracted 14-year delay here is outrageous and shocking to one's sense of fairness.

The delay in this case has impaired rights in two respects. First, the complainant has the statutory right to elect to seek redress in an administrative proceeding or to commence a civil action. In view of the fact that the complainant elected an administrative proceeding, we must deem her to have made that election based upon the time constraints set forth in Executive Law § 297. After all, those time constraints are for the complainant's benefit and protection (*see, Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 380-381, *rearg denied* 36 NY2d 807). The complainant in this proceeding was denied the timely hearing and determination provided by Executive Law § 297.

Second, the denial of a timely hearing was not without consequence to petitioner. SDHR directed petitioner to pay interest on the back pay award, thereby prejudicing petitioner solely by reason of SDHR's unexplained delay.

Thus, we vote to annul the determination and dismiss the petition. We fully recognize that such a result penalizes this complainant. But this case requires us to face reality, to visit the blame where it belongs, fully upon SDHR, in the hope that

the Legislature will redress the repeated and routine mockery of its directives by SDHR. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.