**Christine BOND, Plaintiff,**

**v.**

**STERLING, INC. and Kay Jewelers, Inc., Defendants.**

**No. 97–CV–1607.**

United States District Court, N.D. New York.

March 11, 1998.

Poissant & Nichols, P.C. (Kevin F. Nichols, of Counsel), Malone, NY, for plaintiff.

Jackson, Lewis, Schnitzler & Krupman (Greg A. Riolo, of Counsel), White Plains, NY, for defendants.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Plaintiff Christine Bond brings this action against defendants Sterling, Inc. and Kay Jewelers, Inc., her former employers, alleging sex, disability and pregnancy-based discrimination in violation of federal and New York State statutes. Defendants move for partial dismissal of the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff cross-moves for partial judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), and to amend the Complaint.

## I.  BACKGROUND

### A.  Facts

On a motion brought under Rule 12(b)(6), the Court accepts the truth of the allegations in plaintiff's Complaint. *Dwyer v. Regan*, 777 F.2d 825, 828–29 (2d Cir.1985). Those allegations follow.

Plaintiff resides in Massena, New York. Defendant Kay Jewelers, Inc. ("Kay") is a New York corporation; defendant Sterling, Inc. ("Sterling") is an Ohio corporation with its principal place of business in Akron, Ohio. Both defendants are in the jewelry business.

Plaintiff began her employment with Sterling on November 6, 1994. Sometime in late 1995, she became pregnant. In early 1996, her supervisor became aware of and expressed his displeasure to plaintiff regarding her pregnancy. In fact, personnel officer Michael Lynch specifically told plaintiff: "we

are not a family oriented company, we are a business."

During June of 1996, plaintiff experienced significant difficulty with her pregnancy, hindering her job performance. Consequently, she requested and was granted a leave of absence pursuant to the Family Medical Leave Act. She gave birth to her son on August 12, 1996, and remained on leave until September 10, 1996. Plaintiff and her doctor determined she would breast-feed her newborn son.

Shortly after returning to work on September 15, 1996, defendants informed plaintiff she was required to attend a "managers seminar" at the Disney Theme Park in Florida. Plaintiff told defendants that because her son was less than six-weeks old, it would be impossible for her to attend the seminar unless she could bring him on the trip. She thus requested that she be allowed to bring her son with her, or, in the alternative, that she be excused from attending. Defendants refused both requests, and informed plaintiff she must attend the seminar without her child. Plaintiff concluded leaving her five-week old son would endanger his health and thus determined she could not attend the seminar.

On September 27, 1996, defendants terminated plaintiff's employment because she failed to attend the seminar.

**B. Procedural History**

Plaintiff filed this action in New York State Supreme Court, St. Lawrence County, on September 24, 1997. Defendants removed the action to this Court on November 3, 1997. Jurisdiction is based on a federal question. *See* 28 U.S.C. § 1331.

The Complaint contains four substantive claims: (1) sex-based discrimination in violation of the New York Human Rights Law ("HRL"), Executive Law § 296; (2) disability-based discrimination under § 296; (3) unlawful termination in violation of the Family Medical Leave Act, 29 U.S.C. § 2615; and (4) unlawful use of plaintiff's name for advertising and trade purposes subsequent to her termination, in violation of New York Civil

Rights Law §§ 50 and 51. Plaintiff seeks compensatory and punitive damages.

Defendants now move to dismiss the first and second claims above, and to dismiss plaintiff's claim for punitive damages, for failure to state a claim upon which relief may be granted. Plaintiff cross-moves for judgment on the pleadings, to amend her Complaint, and to add as a party-defendant Sterling Jewelers, Inc.

**II. DISCUSSION**

**A. Defendants' Motion to Dismiss under Rule 12(b)(6)**

When deciding a motion to dismiss, a court must accept as true all factual allegations in the complaint and construe them favorably to the plaintiff. *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989). The court should not dismiss on a Rule 12(b)(6) motion unless it appears clear that the plaintiff cannot in any way establish a set of facts to sustain her claim which would permit relief. *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Bass v. Jackson,* 790 F.2d 260, 262 (2d Cir.1986). "The court's function ... is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985)

**1. Pregnancy Discrimination Under Executive Law § 296**

■ The Court need not visit at this time plaintiff's novel contention that differential treatment based upon an employee's desire to breast-feed her child constitutes sex discrimination under the HRL. Rather, the Court holds plaintiff's allegations may be construed as stating a claim for pregnancy discrimination under state law.

■ The New York Human Rights Law prohibits an employer from discharging an employee because she is pregnant. *See Diaz Chemical Corp. v. New York State Div. of Human Rights,* 237 A.D.2d 932, 654 N.Y.S.2d 907, 908 (4th Dep't 1997); *Energy Expo, Inc. v. New York State Div. of Human Rights,* 112 A.D.2d 302, 491 N.Y.S.2d 748, 749 (2d

Dep't 1985). To withstand a Rule 12(b)(6) motion to dismiss in a discrimination case under state or federal law, a plaintiff need only plead the elements of a *prima facie* case of discrimination. *See Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 398–99 (2d Cir.1985); *McNulty v. New York City Dep't of Finance,* 941 F.Supp. 452, 456 (S.D.N.Y. 1996).[1] Those elements are: (1) plaintiff was within the protected class; (2) her job performance was satisfactory; (3) she suffered an adverse employment action, i.e., discharge; and (4) her discharge occurred under circumstances giving rise to an inference of unlawful discrimination. *Quaratino,* 71 F.3d at 64.

Plaintiff alleges in her complaint that she was pregnant from late 1995 until August of 1996. Compl. ¶¶ 9, 13. She therefore was a member of the protected class immediately prior to her discharge. Moreover, she adequately alleges satisfactory job performance, Compl. ¶ 31, and was discharged on September 27, 1996. Compl. ¶ 18. We are thus left with the question whether plaintiff sufficiently alleges her discharge occurred under circumstances giving rise to an inference of discrimination.

Plaintiff alleges that upon learning of her pregnancy, her supervisor expressed his displeasure at her condition. Compl. ¶ 9. Specifically, her personnel officer informed her "we are not a family oriented company, we are a business." *Id.* Shortly after returning to work, defendants allegedly refused to allow plaintiff to bring her newborn child with her to the seminar, and fired her under the auspices of her refusal to attend. *Id.* ¶¶ 15–18. Given the circumstances and the timing of plaintiff's discharge, it is reasonable to infer plaintiff's termination was motivated by her employer's animus regarding her recent pregnancy.

Though plaintiff was discharged *after* the birth of her child, the PDA does not require that the discrimination occur during the pregnancy. *Donaldson v. American Banco Corp.,* 945 F.Supp. 1456, 1464 (D.Colo.1996); *accord, Fejes v. Gilpin Ventures, Inc.,* 960

F.Supp. 1487, 1492 (D.Colo.1997). Indeed, the legislative history of the PDA suggests it protects a woman from pregnancy-related discrimination " 'before, during, and after her pregnancy.' " *Donaldson,* 945 F.Supp. at 1464 (quoting 124 Cong.Rec. 38574 (1978)). Nothing in the HRL suggests that its protections should be construed less broadly. Under the factual circumstances presented in the Complaint, plaintiff's allegation that she was terminated two weeks after returning to work and just over one month after the birth of her child is sufficient for purposes of both her membership in the protected class and an inference of discrimination. *See Fejes,* 960 F.Supp. at 1493; *Donaldson,* 945 F.Supp. at 1464–65.

Because plaintiff has alleged the elements of a *prima facie* case of pregnancy discrimination under the HRL, defendants' motion to dismiss Count One of the Complaint is DENIED.

## 2. Disability Discrimination

█ In Count Two of the Complaint, plaintiff alleges that her need to breast-feed her child constitutes a disability under the HRL, and that her dismissal on the basis of this disability was unlawful.

The HRL prohibits disability discrimination. *See* N.Y. Exec. L. § 296(1)(a). "Disability" is defined as

> (a) a physical mental or medical impairment resulting from anatomical [or] physiological . . . conditions which prevents the exercise of a normal bodily function . . . or (b) a record of such impairment or (c) a condition regarded by other as such an impairment . . .

*Id.* § 292(21). In support of her argument that her status as a breast-feeding mother renders her "disabled" under the HRL, plaintiff cites *Kallir v. Friendly Ice Cream,* 93 A.D.2d 246, 463 N.Y.S.2d 56 (3d Dep't), *appeal denied,* 60 N.Y.2d 554, 467 N.Y.S.2d 1029, 454 N.E.2d 1318 (1983). *Kallir* in-

---

**1.** "The standards for recovery under section 296 of the Executive Law are in accord with Federal standards under title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e *et seq.*" *Ferrante v. American Lung Assoc.,* 90 N.Y.2d 623, 665

N.Y.S.2d 25, 28, 687 N.E.2d 1308 (1997). Moreover, the HRL provides the same protections as does the federal Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k) (1978). *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 63 (2d Cir.1995).

volved a claim for disability benefits under § 205 of the New York Workers' Compensation Law. The claimant alleged she was unable to work because her newborn child was suffering from an allergic condition that required breast-feeding. *Id.*, 463 N.Y.S.2d at 57. The Workers' Compensation Board allowed the claimant additional benefits based on a disability due to a complication of pregnancy. *Id.* The Third Department upheld the Board's decision as rational, noting that "the child's condition [wa]s both biologically and realistically inextricably connected with the pregnancy." *Id.* at 58.

*Kallir*, however, involved a different statute containing a different definition of "disability." The Workers' Compensation Law provision at issue specifically covered disabilities "occurring as a result of a complication of ... pregnancy." N.Y. Workers' Comp. L. § 205(3). Moreover, the Third Department's construction of this provision relied in part on a "liberal[] and humane[] interpret[ation] to effect the intent and purpose of the legislation" at issue, namely the Workers' Compensation Law. *Kallir*, 463 N.Y.S.2d at 57. In light of these distinctions, *Kallir* is neither controlling nor persuasive.

Moreover, plaintiff fails to allege, nor can she, that breast-feeding her child (whether by choice or necessity) constitutes a disability within the meaning of the HRL. By its terms, § 292(21) requires that the disability be an anatomical or physiological *impairment* which "prevents the exercise of a normal bodily function." First, common sense suggests no "impairment" associated with the status of being a breast-feeding mother. Moreover, only through the most convoluted logic can plaintiff argue she has an impairment that "prevents the exercise of a normal bodily function." Plaintiff argues as follows:

> During the act of breast feeding an infant, the breast feeding mother is prevented from exercising other normal bodily functions. For example, during breast feeding, a mother is unable to walk or bend over for the purposes of lifting or moving things. A breast feeding mother is not able to breast feed while she is operating a

cash register. The mother is unable to drive or operate a motor vehicle during the act of breast feeding. Likewise, the mother is unable to operate heavy machinery during the act of breast feeding and she is unable to raise walls while breast feeding.

Pl. Mem. in Opp. at 9. Putting aside the question of whether "raising walls" is a normal bodily function, plaintiff, while breast-feeding, is not prevented from doing these activities because of any impairment. Rather, she is prevented by the act of holding and feeding a small child, with all the requisite care and attention involved. A mother or father who is bottle-feeding a child is prevented from "operating heavy machinery" in just the same way.

The Court is further persuaded that breast-feeding is not a disability under the HRL by cases addressing "disability" as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*[2] The ADA's threshold analysis in determining whether a plaintiff is disabled applies to the HRL, *see Sherman v. New York Life Ins. Co.*, 1997 WL 452024, at *2 n. 5 (S.D.N.Y.), though the HRL's requirements are, if anything, stricter than those contained in the ADA. *See, e.g., Hendler v. Intelecom USA, Inc.*, 963 F.Supp. 200, 209 (E.D.N.Y.1997) (noting HRL requires (1) *prevention,* while ADA requires *substantial limitation,* of (2) a normal bodily function (HRL) rather than a major life activity (ADA)); *Aquinas v. Federal Express Corp.*, 940 F.Supp. 73, 79 (S.D.N.Y.1996) (same).

"[P]regnancy-related complications usually will not qualify a woman for ADA protection." *Lacoparra v. Pergament Home Centers, Inc.*, 982 F.Supp. 213, 228 (S.D.N.Y. 1997). Moreover, pregnancy-related disability claims are generally upheld only in the presence of *physiological* impairments. *See, e.g., Hernandez v. City of Hartford*, 959 F.Supp. 125, 130 (D.Conn.1997) (premature labor); *Cerrato v. Durham*, 941 F.Supp. 388, 392–93 (S.D.N.Y.1996) (spotting, leaking, cramping, dizziness and nausea); *Patterson v. Xerox Corp.*, 901 F.Supp. 274, 278 (N.D.Ill. 1995) (back pain caused by combination of

---

**2.** A plaintiff is disabled under the ADA if (1) she has a physical or mental impairment that (2) substantially limits one or more of her major life activities. 29 C.F.R. § 1630.2(g)(1).

pregnancy and prior injury). The physiological aspect of the impairment implies "an abnormal functioning of the body or a tissue or organ." *Hernandez,* 959 F.Supp. at 130; *cf.* N.Y. Exec. L. § 292(21) (defining "disability" as *"physical ... impairment* resulting from *anatomical* [or] *physiological* conditions ... preventing ... *normal* bodily function[s].") (emphasis added). It is simply preposterous to contend a woman's body is functioning abnormally because she is lactating.

Moreover, to the extent plaintiff argues her child must breast-feed as a matter of medical necessity, any disability would be that of her child alone. *Cf. McNill v. New York City Dept. of Correction,* 950 F.Supp. 564, 569–70 (S.D.N.Y.1996) (malfunction of infant's palate necessitating breast-feeding is not pregnancy-related medical condition of *mother* within meaning of PDA).

In short, plaintiff's status as a breast-feeding mother does not constitute a "disability" within the meaning of the HRL. For this reason, defendants' motion to dismiss Count Two of the Complaint is GRANTED.

### 3. Punitive Damages

Defendants next move to dismiss plaintiff's claim for punitive damages, arguing no such damages are recoverable under any of plaintiff's causes of action. Plaintiff's fourth claim, however, is brought under New York Civil Rights Law §§ 50 and 51. Section 51 by its terms allows recovery of exemplary damages for knowing violations. Exemplary damage are, of course, nothing more than punitive damages, *see* BLACK'S LAW DICTIONARY 390 (6th ed.1990), and courts consequently have treated § 51 as allowing for punitive damages in appropriate cases. *See Beverley v. Choices Women's Medical Center, Inc.,* 78 N.Y.2d 745, 579 N.Y.S.2d 637, 641, 587 N.E.2d 275 (1991); *Simeonov v. Tiegs,* 159 Misc.2d 54, 602 N.Y.S.2d 1014, 1016 (N.Y.City Civ.Ct.1993).

Accordingly, defendants' motion to dismiss plaintiff's claim for punitive damages is DENIED.

### B. Plaintiff's Cross–Motion

### 1. Judgment on the Pleadings

Plaintiff cross-moves for judgment on the pleadings as to Counts One and Two of the Complaint. Because Count Two has been dismissed, the Court will address plaintiff's motion only as to Count One.

A party is entitled to judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) if she has established " 'that no material issue of fact remains to be resolved and that [she] is entitled to judgment as a matter of law.' " *Juster Associates v. City of Rutland, Vermont,* 901 F.2d 266, 269 (2d Cir.1990) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368, at 690 (1969)). Where material fact issues remain, however, judgment on the pleadings is inappropriate. *George C. Frey Ready–Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 553 (2d Cir.1977); *Shah v. New York State Dept. of Civil Service,* 1996 WL 694340, at *1 (S.D.N.Y.).

Plaintiff's motion for judgment on the pleadings is based upon her contention that defendants, in their Answer, have admitted the allegations in Count One of the Complaint. This is simply not so. In their response to Count One of the Complaint, defendants aver: "In lieu of an answer, Defendants have moved to dismiss Plaintiff's First Cause of Action." Answer ¶ 8. Moreover, defendants do not specifically deny plaintiff's allegations of pregnancy discrimination unrelated to breast-feeding because plaintiff does not allege such discrimination in so many words. The Court has afforded her the benefits of a favorable reading of her Complaint (to which she is entitled on a motion to dismiss) and construed her factual allegations to state a standard claim for pregnancy discrimination. Defendants, however, were not clearly on notice plaintiff stated such a claim prior to this Court's decision. The Court will not penalize them for failure to include specific denials in this respect.

Moreover, because the defense of failure to state a claim is akin to a general denial, *see Oppel v. Empire Mutual Ins. Co.,* 92 F.R.D. 494, 498 (S.D.N.Y.1981), the Court will con-

**312**

strue defendants' answer as having denied the allegations in Count One of the Complaint. Such denials raise material fact issues as to whether defendants unlawfully discriminated against plaintiff based on her pregnancy. Accordingly, plaintiff's motion for judgment on the pleadings as to Count One is DENIED.

### 2. Motion to Amend

Finally, plaintiff moves to amend the Complaint to add the following claims: (1) violation of New York Civil Rights Law § 79–e; (2) violation of New York Civil Rights Law § 40–c; (3) violation of New York Civil Rights Law § 40–d; (4) intentional infliction of emotional distress; and (5) termination in violation of New York public policy. Plaintiff also moves to add as a party defendant Sterling Jewelers, Inc., another corporate name used by defendants.[3] As defendants do not object to the adding of Sterling Jewelers, Inc., the motion is granted in this respect.

■ A motion to amend may be denied where amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As to the statutory claim under § 79–e, nowhere in plaintiff's complaint is it alleged she was deprived of her right to breast-feed her child in any public or private location. *See* N.Y. Civ. Rights L. § 79–e. As to §§ 40–c and 40–d, plaintiff fails to allege she served notice of these claims on the attorney general as required by the statute. *Id.* § 40–d. The motion is therefore denied as to these claims.

■ Moreover, plaintiff's allegations fail to state a claim for intentional infliction of emotional distress. To state such a claim, plaintiff must allege conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized [society].' " *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 236, 448 N.E.2d 86 (1983) (quoting Restatement of

Torts, Second, § 46 cmt. d (1965)). Plaintiff's allegations do not rise to such a level, and the motion to amend is denied in this respect.

■ Finally, as to plaintiff's claim that her termination violated New York public policy, the motion is denied. The court can find no New York case or federal case under New York law recognizing such a claim, and we decline to create a novel cause of action absent such recognition. *See, e.g., City of Johnstown, New York v. Bankers Standard Ins. Co.,* 877 F.2d 1146, 1153 (2d Cir.1989).

### III. Conclusion

In summary, defendants' motion to dismiss is DENIED as to Counts One and Five of the Complaint, and GRANTED as to Count Two. Plaintiff's cross-motion for judgment on the pleadings is DENIED in its entirety. Plaintiff's motion to amend the Complaint is GRANTED with respect to the addition of Sterling Jewelers, Inc. as a defendant and as to the additional language contained in paragraph 19 of the proposed amended Complaint. The motion to amend is DENIED in all other respects.

**IT IS SO ORDERED.**

---

**3.** Plaintiff's amended Complaint also contains language amplifying her claim of pregnancy discrimination in Count One. *See* Pl. Ex C. ¶ 19 ("The plaintiff's employment was terminated by the defendants unlawfully on the basis of her sex and recent pregnancy."). In accordance with the Court's discussion denying defendants' motion to dismiss Count One, this amendment will be permitted.