OPINION OF THE COURT
Carol R. Edmead, J.
In this pregnancy discrimination action by plaintiff Jessica Krause, defendants Lancer & Loader Group, LLC (LLG) and Jonathan Levine (collectively, defendants) move pursuant to CPLR 3211 (a) (7) for an order dismissing plaintiffs complaint.
Background Facts
LLG is a wholesaler of battery-operated LED lights located in New York, New York. Plaintiff was allegedly employed as LLG’s national sales manager from approximately March 2007 through October 19, 2011, when she was terminated. She worked mostly from home in New Jersey, but traveled several times a month for trade shows and client meetings. Plaintiff alleges that immediately prior to her termination, the company’s sales were rising, largely due to her sales efforts and the large accounts she procured.
On or about August 12, 2011, two months before her termination, plaintiff learned that she was pregnant, and began considering moving with her husband to North Carolina to start her family. On September 19, 2011, plaintiff emailed the company’s president, Levine, and vice-president, Brian Johnson, to ask for their “blessing” before she made her final decision regarding the move and to assure them that the move would not impact her work performance. However, plaintiff did not tell them she was pregnant at this time.
Later that day, Johnson replied that he had no issue with plaintiffs move and wished her luck. Having not heard from Levine, on or about September 27, 2011, plaintiff called Johnson to express her concern and officially informed him of her pregnancy. Shortly thereafter, on or about October 19, Levine fired plaintiff, stating as the reasons “poor economy” and reduced sales.
*388 On December 17, 2012, plaintiff commenced this action against defendants, alleging five causes of action: (1) gender/ pregnancy discrimination under the New York State Human Rights Law (NYSHRL) (Executive Law § 290 et seq.) and New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY § 8-101 et seq.)-, (2) disability discrimination under the NYSHRL and NYCHRL; (3) aiding and abetting pregnancy discrimination under the NYSHRL and NYCHRL; (4) intentional infliction of emotional distress; and (5) violation of the Labor Law for unpaid wages.
In support of their motion to dismiss the complaint, defendants argue first that plaintiffs pregnancy discrimination claim should be dismissed because there is no causal connection between plaintiffs pregnancy and her loss of job. She has not adequately alleged that she satisfactorily performed her job duties, or that her discharge occurred under the circumstances giving rise to an inference of discrimination, i.e., that defendants knew she was pregnant and terminated her because of her pregnancy and that, after termination, her position was filled by a non-pregnant employee. Defendants submit an affidavit of Johnson wherein he states that plaintiff never advised him of her pregnancy and he did not know that plaintiff was pregnant until the day she was laid off. The complaint does not allege that plaintiff told Levine about her pregnancy before she was terminated (Johnson aff, exhibit C). Defendants also submit Levine’s affidavit in which he states that he only learned of plaintiffs pregnancy after he told her that LLG could no longer afford to employ her, at which time, plaintiff responded: “That’s too bad because I was going to tell you good news: I’m pregnant” (Levine aff, exhibit B, If 16).
Further, the legitimate reasons of plaintiffs termination were her poor job performance and the economic recession. Thus, her position was eliminated as part of a work force reduction. Plaintiffs claim of her high work performance is untrue as her sales numbers were the lowest in 2009-2010 and in the first two quarters of 2011, and some of her accounts generated yearly losses.
Next, plaintiffs second cause of action for disability discrimination must likewise be dismissed because plaintiff has not alleged facts connecting her disability/pregnancy to her termination, as her allegations that Johnson knew of her pregnancy are speculative.
The third cause of action for aiding and abetting in pregnancy discrimination should be dismissed because it is predicated on *389 the failed discrimination claim as plaintiff first has to establish the liability of her employer in order to assert this claim.
Further, plaintiffs claim for intentional infliction of emotional distress should also be dismissed for failure to allege outrageous conduct.
Finally, plaintiff fails to state a claim against Levine as an individual defendant since there are no allegations as to how Levine was personally involved in the alleged discriminatory acts. There are no allegations that Johnson relayed his purported knowledge of plaintiff’s pregnancy to Levine, such that plaintiffs pregnancy became the reason for her layoff.
Plaintiff opposes the motion, arguing that defendants’ motion is frivolous as it goes beyond the limited standards of the CPLR 3211 (a) (7). Defendants’ affidavits at most, raise disputed facts.
Plaintiffs gender/pregnancy discrimination claim is properly stated as plaintiff need not plead specific facts and giving “fair notice” of the nature of the claim is sufficient. And in any event, plaintiff pleaded facts establishing a prima facie case of discrimination, i.e., that she was in the protected class due to her pregnancy; she was “qualified” for the position, since Levine specifically solicited plaintiff for that position based on his knowledge of her sales skills at another company where they worked together; and she was fired.
Notably, the inferences of discrimination are raised by the facts that plaintiff was fired shortly after she informed her boss of her pregnancy; prior to the time of her termination in October 2011, plaintiff was the second highest revenue generator at the company, generating 30% of the company’s domestic revenue; she received praise from her superiors and clients and never received a negative performance review; plaintiff was the only employee terminated in 2010 or 2011; and, in or about April 2011, defendants hired (an) administrative assistant to assist with the increased business, largely attributed to her two new clients, Meijer, Inc. and True Value Hardware.
Next, plaintiff has alleged (in her complaint and affidavit) that defendants knew of her pregnancy because she told Johnson about it, who, as a vice-president of the company, reported directly to Levine, and therefore, was part of the “corporate hierarchy,” such that his knowledge should be imputed to the corporate defendant. Johnson was plaintiff’s supervisor, who, by his own account, was really “running the company” with Levine (Krause aff ¶¶ 8-9). Thus, it is reason *390 able to infer that Johnson shared the pregnancy information with Levine.
Plaintiff further argues her disability discrimination claim is adequately stated as pregnancy is considered disability within the meaning of NYSHRL and NYCHRL.
The claim for aiding and abetting pregnancy discrimination is adequately stated under Executive Law § 296 (6) and Administrative Code § 8-107 (6). Levine is individually liable for discrimination under both the state and city laws, because he knew plaintiff was pregnant when he fired her.
And, plaintiff is not required to show or plead “pretext” for discrimination to defend a discrimination claim challenged by a CPLR 3211 motion to dismiss.
Further, plaintiff withdraws her fourth cause of action for intentional infliction of emotional distress, but asserts that the fifth cause of action for violation of the Labor Law for unpaid wages (Labor Law §§ 191, 197) should stand, particularly since defendants did not specifically address it in their motion.
In reply, defendants add that any knowledge of plaintiff’s pregnancy, allegedly obtained by Johnson, cannot be imputed to defendants because Johnson was merely a salesman and not part of the corporate hierarchy.
Defendants also add that plaintiffs affidavit in opposition to the motion contains new facts, not previously alleged in the complaint, i.e., that plaintiff wears a woman’s size zero so her pregnancy was noticeable at seven weeks; that she did not drink alcohol at a business event on September 24 and 25, 2011, which raised questions from various people, including clients, as to whether she was pregnant; that she wanted Johnson to learn about her pregnancy firsthand rather than through industry gossip; and Johnson’s alleged knowledge about her pregnancy constituted notice to defendants because he was “running the company” together with Levine as his “second in command” and regularly apprised Levine of all company matters (plaintiff aff). However, these facts are discredited by Johnson’s and Levine’s affidavits. And, the liberal standard for asserting an employment discrimination claim adopted by the First Department in Vig v New York Hairspray Co., L.P. (67 AD3d 140, 145 [1st Dept 2009]) should not be followed because in that decision, the First Department relied on the United States Supreme Court’s cases that have been since impliedly overruled by the federal courts (mostly in other circuits).
*391 Defendants also state that at this time, they do not seek the dismissal of the fifth cause of action for unpaid wages, but note that on or about March 18, 2013, LLG paid plaintiff $5,548.97 on account of her alleged unpaid wages.
Discussion
On a motion addressed to the sufficiency of a complaint pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference (see Nonnon v City of New York, 9 NY3d 825 [2007]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). However, allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration (Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999], affd 94 NY2d 659 [2000]). The court’s inquiry is limited to determining whether the complaint states any cause of action, not whether there is evidentiary support for it (Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]).
Where the parties have submitted evidentiary material, including affidavits, the pertinent issue is whether claimant has a cause of action, not whether one has been stated in the complaint (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; R.H. Sanbar Projects v Gruzen Partnership, 148 AD2d 316 [1st Dept 1989]). Affidavits submitted by a plaintiff may be considered for the limited purpose of remedying defects in the complaint (Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]; Arrington v New York Times Co., 55 NY2d 433, 442 [1982]). As to affidavits submitted by the defendant, they will almost never warrant dismissal under CPLR 3211, unless they “establish conclusively that [plaintiff] has no [claim or] cause of action” (Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008], citing Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). Thus, the court may not rely on facts alleged by defendants to defeat the claims unless the evidence demonstrates the absence of any significant dispute regarding those facts and completely negates the allegations against the moving defendants (Lawrence v Graubard Miller, 11 NY3d 588 [2008]).
Gender/Pregnancy Discrimination (First Cause of Action)
Plaintiff has stated a cognizable claim for discrimination based on pregnancy under both NYSHRL and NYCHRL.
A. NYSHRL
The Human Rights Law, as set forth in Executive Law § 296 (1) (a), makes it an unlawful discriminatory practice for *392 an employer to discriminate against an individual in compensation or in terms, conditions or privileges of employment, inter alia, because of the individual’s sex.
While neither the NYSHRL nor the NYCHRL explicitly names pregnancy as a type of discrimination, the Court of Appeals consistently held that employment discrimination on the basis of pregnancy falls within the prohibitions of Executive Law § 296 (1) (a) as sex or gender discrimination (see Rainer N. Mittl, Ophthalmologist, P.C. v New York State Div. of Human Rights, 100 NY2d 326, 330 [2003] [holding that “the Human Rights Law . . . prohibits discharge of an employee because of pregnancy”], citing Executive Law § 296 [1]; Elaine W. v Joint Diseases N. Gen. Hosp., 81 NY2d 211, 216 [1993] [holding that “distinctions based solely upon a woman’s pregnant condition constitute sexual discrimination” (emphasis added and citations omitted)]).
This court uncovered virtually no First Department cases on point, and the parties do not cite any, dealing with termination of employment claims based on pregnancy in the context of a CPLR 3211 motion to dismiss for failure to state a cause of action.[1] And, the appellate courts’ decisions in other departments involve either reviews of a determination by the State Division of Human Rights or determinations on a summary judgment motion (see Matter of Argyle Realty Assoc. v New York State Div. of Human Rights, 65 AD3d 273 [2d Dept 2009]; Matter of Energy Expo v New York State Div. of Human Rights, 112 AD2d 302 [2d Dept 1985]; Matter of Thomas A. Galante & Son v State Div. of Human Rights, 76 AD2d 1023 [3d Dept 1980]).
“The standards for establishing unlawful discrimination under section 296 of the Human Rights Law are the same as those governing title VII cases under the Federal Civil Rights Act of 1964” (Mittl at 330, citing Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]; see generally Espaillat v Breli Originals, 227 AD2d 266, 268 [1st Dept 1996]; 42 USC § 2000e et seq.; see 42 USC § 2000e-2 [a] [1]). Furthermore, the NYSHRL provides the same protections as does the federal Pregnancy Discrimination Act of 1978 (PDA). PDA was enacted as an amendment to title VII of the Civil Rights Act of 1964 to *393 clarify that pregnancy discrimination is a form of gender discrimination, prohibited by title VII (see 42 USC § 2000e [k];[2] Saks v Franklin Covey Co., 316 F3d 337, 343 [2d Cir 2003]; Ingenito v Riri USA, Inc., — F Supp 2d —, 2013 WL 752201, 2013 US Dist LEXIS 27333 [ED NY, Feb. 27, 2013, No. ll-CV-2569 (MKB)], citing AT&T Corp. v Hulteen, 556 US 701, 701 [2009]). “An employment practice is unlawful in contravention of the PDA when pregnancy is ‘a motivating factor’ for an adverse employment action” (Ingenito, — F Supp 2d —, —, 2013 WL 752201, *8, 2013 US Dist LEXIS 27333, *24; Briggs v Women in Need, Inc., 819 F Supp 2d 119, 126 [ED NY 2011]; see also Saks, 316 F3d at 343; Kerzer v Kingly Mfg., 156 F3d 396, 400 [2d Cir 1998]).
“In addition, employment discrimination cases are . . . generally reviewed under [a] notice pleading standard [ ]” (Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [2009], supra).[3] Under a notice pleading, plaintiff need not plead specific facts, but only need give defendant “fair notice” of the nature and grounds of her claims (id.).
To state a claim for discrimination, a plaintiff must allege that she is a member of a protected class, that plaintiff was discharged from a position for which she was qualified, and that the discharge occurred under circumstances giving rise to an inference of unlawful discrimination (Mittl, 100 NY2d 326).
Here, the complaint alleges, inter alia, that plaintiff was in a protected class due to her pregnancy immediately prior to her discharge; she was recruited by Levine to work for LLG based on his prior knowledge of plaintiffs “ability to procure sales,” and thus, that she was qualified for the position she was hired *394 for; and that she was terminated from her job shortly after telling her supervisor (Johnson) that she was pregnant.
With respect to the timing, it has been held that temporal proximity between a plaintiffs termination and the announcement of her pregnancy can raise an inference of discrimination (Smith v K & F Indus., Inc., 190 F Supp 2d 643 [SD NY 2002] [finding inference of discrimination where termination occurred one month after announcement of plaintiffs pregnancy]; see Flores v Buy Buy Baby, Inc., 118 F Supp 2d 425, 430-431 [SD NY 2000]; Bond v Sterling, Inc., 997 F Supp 306 [ND NY 1998]; cf. Koester v New York Blood Ctr., 55 AD3d 447 [1st Dept 2008] [temporal proximity between disabled employee’s hotline complaint of disability and race discrimination and employer’s decision to terminate employee was alone insufficient to support employee’s claim of retaliatory discharge where termination followed more than one year of progressive disciplinary complaints from employee’s supervisors concerning her repeated unapproved absences, lateness, poor performance and unprofessional behavior]).
Here, given the alleged timing of plaintiffs discharge, i.e., shortly after telling Johnson of her pregnancy on September 27, 2011, and receiving a call/email from Levine on October 6, 2011 to come to the New York office for a meeting on October 13 (which culminated in her termination the following week when it was rescheduled), the complaint sufficiently alleges “circumstances giving rise to an inference of discrimination” (Bond v Sterling, Inc., 997 F Supp 306, 309 [ND NY 1998]).
In an employment discrimination context plaintiff is not required to do more to defeat a CPLR 3211 motion (see Artis v Random House, Inc., 34 Misc 3d 858 [Sup Ct, NY County 2011], citing Nonnon v City of New York, 9 NY3d 825, 827 [2007] [the court must accept the complaint’s allegations as true, liberally construe them, and draw all reasonable inferences in plaintiffs favor]; see also Vassallo v Burmax Co., Inc., 2012 NY Slip Op 31447[U] [Sup Ct, Suffolk County 2012, trial order]). Thus, defendants’ arguments that plaintiff has failed to demonstrate pretext or intentional discrimination on their part are of no consequence to this motion to dismiss.
Furthermore, contrary to defendants’ arguments, whether Johnson, or any other company employee, including Levine, knew of plaintiffs pregnancy is a disputed fact, which does not “completely negate [ ] the allegations against the moving defendants” so as to defeat plaintiffs cause of action for pregnancy *395 discrimination at this pleading stage (Artis v Random House, Inc., 34 Misc 3d at 863; see Lawrence v Graubard Miller, 11 NY3d 588 [2008], supra). And, since this CPLR 3211 motion does not involve any factual determination, the court does not reach the analysis suggested by defendants, i.e., that they had a proper, nondiscriminatory business purpose for terminating plaintiff based on her poor performance.
Therefore, plaintiff adequately stated a claim for pregnancy discrimination under NYSHRL.
B. NYCHRL
Plaintiff likewise adequately pleaded her claim for pregnancy discrimination under NYCHRL.
Administrative Code § 8-107 (1) provides, in pertinent part:
“It shall be an unlawful discriminatory practice:
“(a) For an employer or an employee or agent thereof, because of the actual or perceived . . . gender ... of any person ... to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.”
This statute, as revised by the Local Civil Rights Restoration Act of 2005, is construed by courts more liberally than its state or federal counterparts[4] (Zakrzewska v New School, 14 NY3d 469 [2010]; Williams v New York City Hous. Auth., 61 AD3d 62 [2009] [a court must evaluate the claims with regard for the statute’s uniquely broad and remedial purposes]; Brightman v Prison Health Servs., Inc., 62 AD3d 472 [1st Dept 2009]; Loeffler v Staten Is. Univ. Hosp., 582 F3d 268, 278 [2d Cir 2009]). Therefore, since plaintiff adequately stated her claim for pregnancy-based discrimination under the State HRL, such allegations are equally sufficient for her claim under the even broader protection of the City HRL.
Disability Discrimination (Second Cause of Action)
Executive Law § 296 (1) (a) provides, inter alia, that it is an unlawful discriminatory practice for an employer to discharge an employee on the basis of a disability (see Germakian v Kenny Intl. Corp., 151 AD2d 342 [1989], lv denied 74 NY2d 615 [1989]). “Disability” is defined by Executive Law § 292 (21) as
*396 “(a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment, provided, however, that in all provisions of this article dealing with employment, the term shall be limited to disabilities which, upon the provision of reasonable accommodations, do not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought or held.”
The First Department has held that the disability provisions of the NYSHRL and NYCHRL are not equivalent and require a different analysis (Phillips v City of New York, 66 AD3d 170 [2009], supra). Thus, it has been stated that “the jurisprudence that has developed in interpreting both the NYSHRL and Title VII ‘should merely serve as a base for the New York City Human Rights Law, not its ceiling’ ” (DeFrancesco v Metro-N. R.R., 2012 NY Slip Op 31626[U], *14-15 [Sup Ct, NY County 2012], citing Jordan v Bates Adv. Holdings, Inc., 11 Misc 3d 764, 769 [Sup Ct, NY County 2006]).
Unlike NYSHRL, NYCHRL defines “disability” solely in terms of impairments: “any physical, medical, mental or psychological impairment, or a history or record of such impairment” (Administrative Code § 8-102 [16] [a]), which includes “an impairment of any system of the body” (Administrative Code § 8-102 [16] [b] [1]; Phillips v City of New York, 66 AD3d 170 [1st Dept 2009] [an employee’s breast cancer has been found to constitute a disability under the NYCHRL]).
Furthermore, while the NYSHRL is applied consistently with the principles of federal civil rights laws (as set forth in the Federal Civil Rights Act of 1964) (Mittl, citing Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997], supra; Rosenblatt v Bivona & Cohen, P.C., 946 F Supp 298 [SD NY 1996]; DeFrancesco v Metro-N. R.R., 2012 NY Slip Op 31626[U] [Sup Ct, NY County 2012, trial order]), the First Department instructed that NYSHRL and NYCHRL “have a broader definition of ‘disability’ than does the [Americans with Disabilities Act (ADA)] [since] neither statute requires any showing that the disability substantially limits any major life activity” (Phillips v City of *397 New York, 66 AD3d 170, 184 [1st Dept 2009] [emphasis added]).[5]
In order to state a cause of action for disability discrimination under the State (or City) HRL, the complaint must allege that the plaintiff suffers a disability and that the disability caused the behavior for which the individual was terminated (Vig v New York Hairspray Co., L.P., 67 AD3d 140, 146 [2009], citing Matter of McEniry v Landi, 84 NY2d 554, 558 [1994]).
Here, plaintiff has failed to allege any disability within the meaning of NYSHRL, i.e., that her pregnancy impaired her in exercising a normal bodily function, or that she had any complications in connection with her pregnancy, which prevented her from normal life activity (Executive Law § 292 [21]; see Lehmuller v Incorporated Vil. of Sag Harbor, 944 F Supp 1087 [ED NY 1996] [a normal pregnancy is merely the natural consequence of reproduction]).
And even under NYCHRL’s liberalized and expansive definition of disability, plaintiff has failed to allege any “impairment” that she suffered as a result of her pregnancy (Administrative Code § 8-102 [16] [b]; Phillips v City of New York, 66 AD3d 170 [2009]), which caused any behavior for which she was allegedly terminated (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 146 [2009]).
This court has found no cases in this or other departments, nor does plaintiff cite any, holding that a (normal) pregnancy qualifies as a disability within the meaning of the State or City Human Rights Law.[6] Moreover, the Court of Appeals specifically *398 held that “distinctions based solely upon a woman’s pregnant condition constitute sexual discrimination” (Elaine W. v Joint Diseases N. Gen. Hosp., 81 NY2d 211, 216 [1993], supra [emphasis added]).
Therefore, under the circumstances herein, plaintiff’s pregnancy may not serve as the basis for her disability discrimination claim under NYSHRL or NYCHRL, and the second cause of action is dismissed.
Levine’s Liability
An individual may be liable for discrimination in violation of the NYSHRL as either an employer (Executive Law § 296 [1]), or as an “aider and abettor” (id. § 296 [6]).
Section 296 (1) of the Executive Law provides for individual liability where a defendant has “an ownership interest,” or if the defendant has “the authority to ‘hire and fire’ employees” (see Edwards v Jericho Union Free Sch. Dist., 904 F Supp 2d 294, 304 [ED NY, Nov. 16, 2012, No. 11 CV 3261 (DRH)(WDW)]; see also Scalera v Electrograph Sys., Inc., 848 F Supp 2d 352, 370-372 [ED NY 2012] [noting the circumstances under which individuals may be liable under NYSHRL]).
Accepting the facts in the complaint as true, and drawing all reasonable inferences therefrom, the court finds that plaintiff has a cognizable claim against Levine for pregnancy discrimination under the NYSHRL. Plaintiffs allegations that Levine is the owner of LLG; that he hired plaintiff; and, after plaintiff announced her pregnancy to Johnson who “regularly apprised Levine of all company matters,” Levine fired her (complaint; plaintiff aff 1Í10) are sufficient to support the claim that Levine actually participated in the alleged discriminatory conduct at issue. Therefore, he could be held individually liable as an employer under Executive Law § 296 (1).
Aiding and Abetting Discrimination (Third Cause of Action)
Further, under both Executive Law § 296 (6) and Administrative Code of the City of New York § 8-107 (6), an individual *399 employee may be held liable for aiding and abetting discriminatory conduct.[7]
However, courts have held that an individual cannot aid and abet his own alleged discriminatory conduct (Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886 [2d Dept 2010] [supervisor whose conduct gave rise to plaintiffs sexual discrimination claim cannot be held liable under Executive Law § 296 (6) for aiding and abetting his own violation of the Human Rights Law]; Strauss v New York State Dept. of Educ., 26 AD3d 67, 73 [3d Dept 2005]).
Here, since Levine’s alleged actions give rise to the discrimination claim, he cannot be held liable for aiding and abetting, and this claim fails (see Raneri v McCarey, 712 F Supp 2d 271, 282 [SD NY 2010]). Thus, this claim is severed and dismissed.
Finally, since plaintiff withdrew her fourth cause of action for intentional infliction of emotional distress, the branch of defendants’ motion seeking dismissal of said claim is granted and said claim is also severed and dismissed.
Conclusion
Based on the foregoing, it is hereby ordered that the motion by defendants Lancer & Loader Group, LLC and Jonathan Levine pursuant to CPLR 3211 (a) (7) to dismiss the complaint of plaintiff Jessica Krause is granted solely to the extent that the second cause of action for disability discrimination under the New York State Human Rights Law (Executive Law § 290 et seq.) and New York City Human Rights Law (Administrative Code § 8-101 et seq.); the third cause of action for aiding and abetting pregnancy discrimination, and the fourth cause of action for intentional infliction of emotional distress are severed and dismissed; and the motion is otherwise denied; and it is further ordered that defendants Lancer & Loader Group, LLC and Jonathan Levine shall serve their answer upon plaintiff within 20 days of entry of this order.

. The only First Department case dealing with the pre-answer motion to dismiss in this context found by this court is Flowers v Stillrock Mgt. (179 AD2d 361 [1st Dept 1992]), which held that a former employee did not plead any facts from which it could be concluded that she was subjected to sex discrimination by being terminated due to her pregnancy.

. Tile VII, 42 USC § 2000e (k), states in pertinent part: “The terms ‘because of sex’ or ‘on the basis of sex’ include, but are not limited to, because of or on the basis of pregnancy.”

. Contrary to defendants’ argument, Vig v New York Hairspray Co., L.P. (67 AD3d 140 [2009], supra) represents the First Department’s determination to adhere to the relaxed “notice pleading” standards in employment discrimination claims. Even though in Vig, the First Department relied on the federal pleading standard articulated in Swierkiewicz v Sorema N. A. (534 US 506 [2002]), Vig was decided on September 15, 2009, four months after the United States Supreme Court rearticulated stricter federal pleading standards in Ashcroft v Iqbal (556 US 662 [2009]), on which defendants rely in their reply memorandum. Furthermore, the Ashcroft holding that a court does not need to accept as true “[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements” does not involve employment discrimination (Ashcroft v Iqbal, 556 US 662, 678). Thus, Vig remains the governing law in this Department as to the relaxed “notice pleading” standards in employment discrimination claims.

. The NYCHRL “shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed” (Administrative Code § 8-130).

. Under the ADA, “disability” is defined as “(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such impairment; or (C) being regarded as having such an impairment” (42 USC § 12102 [1] [emphasis added]). Unlike the ADA, however, NYSHRL’s definition of disability “covers a range of conditions varying in degree from those involving the loss of a bodily function to those which are merely diagnosable medical anomalies which impair bodily integrity and thus may lead to more serious conditions in the future” (Davis v Bowes, 159 F3d 1346 [2d Cir 1998] [table; text at 1998 WL 477139, 1998 US App LEXIS 18811 (1998)], citing State Div. of Human Rights v Xerox Corp., 65 NY2d 213 [1985]).

. Federal courts have addressed the issue, at least in the context of the claims under the ADA, that pregnancy is not a disability (see e.g. Johnson v A.P. Prods., Ltd., 934 F Supp 625, 627 [SD NY 1996] [noting that neither an employee’s pregnancy nor its complications were a disability under the ADA]; Lehmuller v Incorporated Vil. of Sag Harbor, 944 F Supp 1087 [ED NY 1996] [holding that a normal pregnancy is merely the natural consequence of reproduction]). These courts based their conclusion in part on the Equal Employment Opportunity Commission’s (EEOC) regulations stating that *398 “conditions, such as pregnancy, that are not the result of a physiological disorder are . . . not impairments” (29 CFR part 1630, Appendix § 1630.2 [h]), and that “temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities” (29 CFR part 1630, Appendix § 1630.2 [former (j)]). These courts also noted that title VII and the PDA specifically covered employment discrimination on the basis of pregnancy, thereby obviating the need to extend the coverage of the ADA to protect pregnancy and related medical conditions (Johnson v A.P. Prods., Ltd., 934 F Supp 625 [1996], supra; Saks v Franklin Covey Co., 316 F3d 337 [2003]).

. The language of both NYSHRL and NYCHRL is identical, providing that “[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so” (Executive Law § 296 [6]; Administrative Code § 8-107 [6]).