■ DELORES GERMAKIAN, Respondent, v KENNY INTERNATIONAL CORP., Appellant.—Order, Supreme Court, New York County (Eugene Nardelli, J.), entered March 16, 1988, which denied defendant's motion for summary judgment dismissing the complaint unanimously reversed, on the law and the defendant's motion for summary judgment granted, without costs.

This is an action for unlawful discrimination based on disability brought pursuant to Executive Law § 296 (1) (a).

Plaintiff seeks reinstatement to her job, benefits and compensatory damages.

Defendant is a close corporation in which Finbar Kenny and his wife are principals. They employ one full-time person and one part-time person. Plaintiff began working for the defendant in November 1983, after defendant's prior full-time employee announced her intention to leave. In May 1984 plaintiff went into the hospital for breast cancer surgery. Plaintiff was terminated on July 31, 1984. Her salary was paid through November 1984 and she was kept on defendant's medical plan until January 1985. Plaintiff alleges that she could have returned to work in late August 1984 and she commenced this lawsuit in January 1986.

Executive Law § 296 (1) (a) provides, *inter alia,* that it is an unlawful discriminatory practice for an employer to discharge an employee on the basis of a disability. Executive Law § 292 (21) defines disability to include a physical or medical impairment which does not prevent an employee "from performing in a reasonable manner the activities involved in the job or occupation".

We reverse for the following reason.

Executive Law § 296, which prohibits discriminatory practices based on disability is inapplicable here because of the number of persons employed by the defendant. Executive Law § 292 (5) states, "The term 'employer' does not include any employer with fewer than four persons in his employ." While plaintiff contends that defendant did employ at least four persons, this figure is reached only by including the principals Finbar Kenny and his wife as employees. While there may be instances where principals may be counted as employees for purposes of the Executive Law, generally speaking the section envisions a situation where the employer engages four persons other than himself or herself. In *State Div. of Human Rights v GTE Corp.* (109 AD2d 1082, 1083 [4th Dept 1985]), the Appellate Division outlined the elements of the relationship of employer and employee. The essential element is control over the conduct of another including selection, payment of wages and power of dismissal. *(See also, Equal Employment Opportunity Commn. v Dowd & Dowd,* 736 F2d 1177 [7th Cir 1984], holding that shareholders of a professional corporation, a law firm, could not be considered employees for purposes of the Civil Rights Act.) Concur—Kupferman, J. P., Ross, Milonas, Ellerin and Smith, JJ.