■ WENDY L. KERN, Respondent, v CITY OF ROCHESTER et al., Defendants, and ROCHESTER FIREFIGHTERS ASSOCIATION, INC., LOCAL 1071 IAFF, Appellant. [678 NYS2d 206] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action against, *inter alia,* her former employer, defendant Rochester Firefighters Association, Inc., Local 1071 IAFF (Local 1071), alleging that Local 1071 unlawfully discriminated against her based on gender. In its first,

second, fourth and fifth affirmative defenses, Local 1071 alleges that Supreme Court lacks subject matter jurisdiction over the causes of action alleging unlawful employment discrimination because Local 1071 has fewer than four employees and is thus not an employer within the meaning of the Human Rights Law (*see*, Executive Law § 292 [5]). The court properly granted that part of plaintiff's motion for partial summary judgment seeking dismissal of those defenses and properly denied Local 1071's cross motion for partial summary judgment dismissing the first and second causes of action. Local 1071 is not collaterally estopped from litigating the issue whether it is an employer under the Human Rights Law by the District Court's finding in plaintiff's title VII action (42 USC § 2000e *et seq.*) that Local 1071 had five employees (*see, Kern v City of Rochester*, 93 F3d 38, *cert denied* 520 US 1155). Whether Local 1071 had fewer than four employees was not necessarily decided in the Federal action, and Local 1071 did not have a full and fair opportunity to litigate the issue (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). Nevertheless, plaintiff submitted proof establishing that Local 1071 had four or more employees during the period when the alleged discrimination occurred, and Local 1071 failed to "show facts sufficient to require a trial" of the issue (CPLR 3212 [b]).

The court erred, however, in granting that part of plaintiff's motion seeking dismissal of the third affirmative defense, which asserts that Local 1071 may not be held liable to plaintiff in its capacity as a labor organization (*see*, Executive Law § 292 [3]), and the sixth affirmative defense, which asserts that Local 1071 may not be held vicariously liable for the acts of its officer/employee under the doctrine of respondeat superior (*see, Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 53, *lv denied* 89 NY2d 809). Plaintiff failed to meet her burden of establishing that those defenses have no merit (*see*, CPLR 3212 [b]). Local 1071, moreover, is entitled to summary judgment dismissing the first and second causes of action insofar as they seek relief against it in its capacity as a labor organization or pursuant to the doctrine of respondeat superior.

We modify the order, therefore, by denying that part of plaintiff's motion seeking dismissal of the third and sixth affirmative defenses and reinstating those affirmative defenses and by granting that part of the cross motion seeking partial summary judgment dismissing the first and second causes of action insofar as they seek relief against Local 1071 in its capacity as a labor organization or pursuant to the doctrine of respondeat

superior. (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Summary Judgment.) Present—Green, J. P., Lawton, Callahan, Boehm and Fallon, JJ.