■ CARRIE DeSTEFANO, Respondent-Appellant, v MARSHALL R. KOPELMAN, Appellant-Respondent. [697 NYS2d 111] —In an action under Executive Law article 15 to recover damages for discrimination based on sexual harassment, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Carter, J.), entered July 10, 1998, as denied his motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied her cross motion to amend the complaint by adding causes of action to recover damages for intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, battery, and assault.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant's motion and substituting therefor a provision granting the motion; as so modified, the order is affirmed, with costs to the defendant, and the complaint is dismissed.

This action was brought pursuant to Executive Law § 296 (1) (a). The plaintiff alleged that she was subjected to conduct constituting sexual harassment while employed by the defendant. The defendant moved for summary judgment, contending, inter alia, that he does not satisfy the statutory requirement of "employer" under Executive Law § 292 (5).

Under the Executive Law the term "employer" excludes "any employer with fewer than four persons in his employ" (Executive Law § 292 [5]; see, Kern v City of Rochester, 254 AD2d 757; Germakian v Kenny Intl. Corp., 151 AD2d 342). At no time during the period in which the alleged harassing behavior occurred did the defendant employ four or more persons. Contrary to the plaintiff's position, the defendant's motion goes to the substance of her claim. The contention of the defendant in this case is that the plaintiff has failed to state a cause of action (see, CPLR 3211 [a] [7]). An argument of

that nature may be raised at any time (*see,* CPLR 3211 [e]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:13, 1999 Pocket Part, at 6). Therefore, the defendant's motion for summary judgment must be granted.

The Supreme Court correctly denied the plaintiff's cross motion to amend her complaint inasmuch as the plaintiff's factual allegations fail to support the additional causes of action (*see, Ruggiero v Contemporary Shells,* 160 AD2d 986; *Parvi v City of Kingston,* 41 NY2d 553; Restatement [Second] of Torts § 36 [1], [3]; *Zgraggen v Wilsey,* 200 AD2d 818; *Hayes v Schultz,* 150 AD2d 522; *Kelly v Chase Manhattan Bank,* 717 F Supp 227, 235). Krausman, J. P., McGinity, Feuerstein and Smith, JJ., concur.