Fernandes v Jadah Carroll, LLC (2020 NY Slip Op 07669)





Fernandes v Jadah Carroll, LLC


2020 NY Slip Op 07669


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 158642/19 Appeal No. 12665 Case No. 2020-02599 

[*1]Elizabeth Fernandes, Plaintiff-Respondent,
v
Jadah Carroll, LLC et al., Defendants-Appellants.


Eckert Seamans Cherin & Mellott, LLC, White Plains (Ezra H. Alter of counsel), for appellants.
The Law Office of Yuriy Moshes, PC, New York (Jessenia Maldonado of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 27, 2020, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants demonstrated conclusively that they were not subject to the New York City Human Rights Law's prohibition on discrimination in employment based on disability because they employed fewer than four persons (see Administrative Code of City of NY § 8-102 [definition of employer]). Plaintiff's argument that defendants were subject to the law depends on her contention that the individual defendants were employees because they both took on duties generally performed by employees, such as preparing tax returns. This is insufficient to establish that defendants Sturm and Shurin were employees. Defendants showed that Sturm and Shurin had "control over the conduct of another including selection, payment of wages, and power of dismissal," which is "[t]he essential element [of being an employer]" (Germakian v Kenny Intl. Corp. , 151 A.D.2d 342, 343 [1st Dept 1989], lv denied 74 NY2d 615 [1989]; see also Clackamas Gastroenterology Assoc. P.C. v Wells, 538 US 440, 449-450 [2003]). Their documentary evidence showed that Sturm and Shurin were the sole shareholders and members of defendant companies, that they equally and exclusively directed, managed, and controlled the companies, and that they shared in the profits, losses, and liabilities of the companies; in addition, defendant Sturm's affidavit stated that, as directors and controllers of the companies, he and Shurin had the authority to hire and fire employees. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020