■ Dragica Brankov, Appellant, v David Hazzard et al., Respondents, et al., Defendant. [36 NYS3d 133]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered March 16, 2015, dismissing the complaint as against defendants David Hazzard and WestLB, AG, unanimously affirmed. Appeal from order, same court and Justice, entered March 3, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In determining whether an ostensible non employer is actually a "joint employer" for purposes of employment discrimina-

tion claims under the State and City Human Rights Laws (HRLs), numerous Federal District Courts have applied the "immediate control" test (see e.g. *Tate v Rocketball, Ltd.*, 45 F Supp 3d 268, 273 [ED NY 2014]; *Haight v NYU Langone Med. Ctr., Inc.*, 2014 WL 2933190, *11, 2014 US Dist LEXIS 88117, *28-29 [SD NY, June 27, 2014, No. 13 Civ 04993 (LGS)]; *Daniel v T & M Protection Resources, Inc.*, 992 F Supp 2d 302, 313 [SD NY 2014]).* Under the "immediate control" formulation, a "joint employer relationship may be found to exist where there is sufficient evidence that the defendant had immediate control over the other company's employees," and particularly the defendant's control "over the employee in setting the terms and conditions of the employee's work." "Relevant factors" in this exercise "include commonality of hiring, firing, discipline, pay, insurance, records, and supervision." Of these factors, "the extent of the employer's right to control the means and manner of the worker's performance is the most important factor." If such control is established, other factors "are then of marginal importance" (*Haight*, 2014 WL 2933190, *11, 2014 US Dist LEXIS 88117, *28-29 [internal quotation marks and brackets omitted]).

Viewed in the light most favorable to plaintiff, the record fails to demonstrate that defendant WestLB had the requisite "immediate control" over the terms and conditions of plaintiff's employment to be subject to liability under the New York State and New York City HRLs as a "joint employer" (see e.g. *id.*; *Daniel v T & M Protection Resources, Inc.*, 992 F Supp 2d at 313).

Defendant Euro Lloyd hired plaintiff, paid her salary and bonuses, controlled where she was assigned to work, and placed her at WestLB and later transferred her to other locations. A Euro Lloyd employee supervised plaintiff on a day to day basis. WestLB had no say in the end of plaintiff's employment with Euro Lloyd years after she had been transferred to another location. The record plainly indicates that Euro Lloyd, and not WestLB, ultimately controlled plaintiff's employment.

Accordingly, the motion court correctly held that WestLB was not plaintiff's joint employer, and correctly dismissed plaintiff's claims against WestLB and Hazzard under the State and City HRLs, as those claims rested on plaintiff's theory of joint employment.

---

* The Second Circuit declined to reach the question of whether a joint employer theory could be used "to visit Title VII liability on a constructive employer" (*Arculeo v On-Site Sales & Mktg., LLC*, 425 F3d 193, 202 n 11 [2d Cir 2005]).

Nor does the record, viewed in the light most favorable to plaintiff, show the extreme and outrageous conduct required to support a claim of intentional infliction of emotional distress (*see Freihofer v Hearst Corp.*, 65 NY2d 135, 143 [1985]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.