Greenberg v Seton Educ. Partners (2025 NY Slip Op 25026)

[*1]

Greenberg v Seton Educ. Partners

2025 NY Slip Op 25026

Decided on January 30, 2025

Supreme Court, Nassau County

Singer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 30, 2025
Supreme Court, Nassau County

Bat El Greenberg, Plaintiff,

against
Seton Education Partners and KEVIN HANRATTY, Defendants.

Index No. 600733/2024

Plaintiff: Bat El Greenberg - represented by David Abrams, Esq.
Defendants: Seton Education Partners and Kevin Hanratty - represented by Keith Gutstein, Esq. of Kaufman, Dolowich & Voluck, LLP.

Conrad D. Singer, J.

The following submissions were read on these motions:
Notice of Motion to Dismiss Amended Complaint and supporting documents [Seq. 002] X
Affirmation in Opposition and supporting documents [Seq. 002] X
Reply Memorandum of Law [Seq. 002] X
Notice of Cross-Motion to Amend and Supporting Papers [Seq. 003] X
Memorandum of Law in Further Support of Motion to Dismiss and
Opposing Cross-Motion to Amend [Seq. 003] X
Upon the foregoing e-filed papers, the motion filed by the Defendants, SETON EDUCATION PARTNERS ["Seton"] and KEVIN HANRATTY [Hanratty and, collectively, "Defendants"], for an Order pursuant to CPLR 3211(a)(7) dismissing the Amended Complaint with prejudice for failure to state a cause of action; and pursuant to CPLR 3211(a)(1) dismissing the Amended Complaint with prejudice based on documentary evidence proffered by the [*2]Defendants; or, in the alternative, pursuant to CPLR 3211(a)(5) dismissing the Amended Complaint based upon statute of limitations [Seq. 002]; and the Cross-Motion by the Plaintiff, BAT EL GREENBERG ["Plaintiff"], for an Order pursuant to CPLR 3025 permitting further amendment of the Amended Complaint [Seq. 003], are consolidated for disposition and are determined as follows:
The Plaintiff was previously employed as an ICT math teacher by non-party Brilla College Preparatory Charter Schools ["Brilla"], and commenced the instant action to recover damages arising from the Defendants' alleged violation of City and State Human Rights Laws with respect to religious discrimination and retaliation and their alleging aiding and abetting of such discrimination. 
In the Plaintiff's Amended Complaint, she alleges that she was jointly employed by Defendant Seton and non-party Brilla for approximately two and a half [2 ½] months until her discharge on or about October 28, 2022. Plaintiff further alleges that she is an observant Jew, and shortly before her discharge, in late September 2022, she had a dispute with Seton, through its Senior Director of Human Resources and Risk Assessment, Defendant Hanratty. 
According to the Plaintiff, the dispute concerned Plaintiff taking off for Jewish holidays. She alleges that during the discussion, Defendant Hanratty threatened to fire the Plaintiff if she took off for the Jewish holidays she was requesting. The Plaintiff ultimately took off for Rosh Hashana, Yom Kippur, and Simchas Torah, and alleges that shortly after her absence for Simchas Torah, she was fired on October 18, 2022, allegedly for verbal abuse and insubordination. According to the Plaintiff, she had not been verbally abusive or insubordinate and such charges were pretextual. 
The Defendants move for an Order dismissing the Plaintiff's Amended Complaint and oppose the Plaintiff's Cross-Motion to further amend her pleadings on the grounds that the Plaintiff fails to state a cause of action as she has failed to assert claims against her actual employer and, even accepting as true that Seton and Brilla are joint employers, the Plaintiff falls short of overcoming the minimal motion to dismiss standard for discrimination and retaliation claims pursuant to New York State Human Rights Law ["NYSHRL"] and New York City Human Rights Law ["NYCHRL"]. The Defendants argue, in the alternative, that the Plaintiff's Amended Complaint should be dismissed because it is barred by the applicable statute of limitations.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the amended complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . 'A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law'". (Postiglione v Sacks & Sacks, LLP, 223 NYS3d 211, 213 [2d Dept 2024] [internal citations omitted, citations omitted]).
"'[T]o be considered "documentary," evidence must be unambiguous and of undisputed authenticity' . . . '[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case' . . . 'Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)'". (Maursky v Latham, 219 AD3d 473, 475 [2d Dept 2023] [internal citations [*3]omitted, citations omitted]). 
The Defendants argue that the Plaintiff's Amended Complaint and proposed Second Amended Complaint fail to state a cause of action because, inter alia, Plaintiff fails to assert claims against her actual employer, Brilla. According to the Defendants, Brilla is a charter school located in the Bronx, New York, and Seton is an educational organization that provides certain administrative support to Brilla. Defendants dispute Plaintiff's contention that non-party Brilla and Defendant Seton were Plaintiff's joint employers. 
"The existence of an employer-employee relationship is a prerequisite for each of Plaintiff's statutory discrimination claims. (Hanley v New York City Health and Hosps. Corp., 722 F Supp 3d 112, 119 [EDNY 2024] [citations omitted]). "The joint employer doctrine . . . 'ha[s] been developed to allow a plaintiff to assert employer liability in the employment discrimination context against entities that are not her formal, direct employer.'" (Griffin v Sirva Inc., 835 F3d 283, 292 [2d Cir 2016], certified question accepted sub nom. Griffin, Michael Godwin v Sirva, Inc., 28 NY3d 956, 60 NE3d 420 [2016], and certified question answered, 29 NY3d 174, 76 NE3d 1063 [2017]; citations omitted). Under the "joint employer" doctrine, "a court may find a 'joint employer relationship when two or more entities, according to common law principles, share significant control of the same employee". (Hanley, 722 F Supp 3d at 119-20; citation omitted). 
"In determining whether an ostensible non employer is actually a 'joint employer' for purposes of employment discrimination claims under the State and City Human Rights Laws (HRLs), numerous Federal District Courts have applied the 'immediate control' test . . . Under the 'immediate control' formulation, a 'joint employer relationship may be found to exist where there is sufficient evidence that the defendant had immediate control over the other company's employees,' and particularly the defendant's control 'over the employee in setting the terms and conditions of the employee's work'". (Brankov v Hazzard, 142 AD3d 445, 445-46 [1st Dept 2016] [internal citations omitted]). 
"Relevant factors in this exercise include commonality of hiring, firing, discipline, pay, insurance, records, and supervision." (Id. at 446; internal quotations omitted). "Of these factors, 'the extent of the employer's right to control the means and manner of the worker's performance is the most important factor.'" (Id.). " If such control is established, other factors 'are then of marginal importance'". (Id.; citations omitted). 
In addition to opposing the Defendants' motion to dismiss, the Plaintiff Cross-Moves to further amend her Amended Complaint to include additional allegations pertaining to, inter alia, an alleged "joint employer" relationship. In this case, the Court finds that the allegations in the Plaintiff's Amended Complaint, and as further amplified in the proposed Second Amended Complaint, if taken as true, adequately allege that Defendant Seton had "immediate control" over non-party Brilla's employee, the Plaintiff, to demonstrate that Seton jointly employed the Plaintiff and to withstand dismissal at this pre-discovery stage of litigation. (See, Brankov, 142 AD3d at 445-46). 
Specifically, the Plaintiff alleges in her Amended Complaint that every member of the "Brilla Leadership Team," i.e., Brilla's Co-Founder, Chief Financial Officer, Chief Operations Officer, Chief Talent Officer, Chief of Schools, and Chief of Character Initiatives, was employed by Defendant Seton. Moreover, and critically, Plaintiff alleges that Defendant Hanratty, the individual who threatened to fire the Plaintiff, and ultimately determined that Plaintiff would be fired, was at all times employed by Seton as its Senior Director of Human Resources and Risk [*4]Assessment. Plaintiff alleges that "Seton managed essentially of [sic] Brilla's human resource functions and had immediate control over its employees, including the Plaintiff". To that end, Plaintiff alleges that Hanratty was responsible for making sure that Plaintiff and other employees had taken required sexual harassment training, and it was a Seton employee who signed the Plaintiff's employment offer letter. It is alleged in the Plaintiff's proposed Second Amended Complaint that non-party Brilla was operated and managed by Seton pursuant to a formal agreement pursuant to which Seton agreed to manage the school on behalf of Brilla, as evidenced by Seton's IRS Form 990. 
The Defendants contend that documentary evidence directly contradicts the allegation that Seton and Brilla jointly employed the Plaintiff. However, the documents submitted by the Defendants, including the pay stub demonstrating that Plaintiff earned wages from Brilla, and her offer letter stating that her position as ICT math teacher was "with Brilla Preparatory Charter Schools", and the Plaintiff's acknowledgment of the Brilla employee manual, fail to "utterly refute" the Plaintiff's factual allegations that Seton employees, including Defendant Hanratty, exercised immediate control over her work at a Brilla school, and that a Seton employee set conditions for her employment and controlled the determination of whether her employment would be terminated.
While the Defendants argue that the Amended Complaint and proposed Second Amended Complaint lack any allegations demonstrating that Brill and Seton were joint employers, the Court finds that the Amended Complaint, and the proposed Second Amended Complaint, sufficiently allege circumstances indicating that Defendant Seton jointly employed the Plaintiff for the purposes of surviving a pre-discovery motion to dismiss.
The Defendants next argue that the Plaintiff's Amended Complaint should be dismissed on statute of limitations grounds. The Defendants contend that because the Plaintiff brought her claims against a charter school, the claims are subject to a one (1) year statute of limitation under New York Education Law § 3813(2-b). The Plaintiff argues in opposition that the one (1) year statute of limitation contained in § 3813(2-b) applies against public school districts, but not against the Defendants in this case, neither of whom is a public school district. Plaintiff argues that her NYSHRL and NYCHRL claims are governed by a three (3) year statute of limitations. 
The Court finds that the Defendants' statute of limitation argument fails, because the Plaintiff's claims are subject to a three (3) year statute of limitation and not the shorter one (1) year statute of limitation provided for in New York Education Law § 3813(2-b). While the Defendants cite to two Federal District Court cases from 2010 and 2011 for the proposition that claims brought against a charter school are subject to the one (1) year statute of limitation provided for in New York Education Law § 3813(2-b), the statutory text of New York Education Law § 3813(1) and (2-b), as well as the Second Department's recent decision in A.P. v John W. Lavelle Preparatory Charter School, 228 AD3d 138, 147-48 [2d Dept 2024], indicate otherwise.
Pursuant to § 3813(2-b), the one (1) year statute of limitations relied upon by the Defendants applies to "any entity specified in subdivision one of § 3813". By its terms, subdivision one of section 3813 applies to a "school district" and other enumerated entities. The term "charter school" does not appear anywhere in the text of § 3813(1). However, in cases decided in Federal District Courts, including those relied upon by the Defendants, the term "school district" has been interpreted to include charter schools for the purposes of notice of claim requirements and for statute of limitations purposes pursuant to New York Education Law § 3813(2-b).
Recently, however, in A.P. v. John W. Lavelle Prep Charter School, 228 AD3d at 146-148, the Second Department squarely rejected the proposition that "charter school" is an entity included in subdivision one of § 3813. In A.P., the Second Department held that the Notice of Claim requirement set forth at § 3813(2) does not apply to cases brought against charter schools on the grounds that "charter schools" are not one of the entities named in subdivision one of section 3813. Although this case involves a slightly different issue in that the Defendants argue that the one (1) year statute of limitation contained in section 3813(2-b) applies to "charter schools", this Court rejects the Defendants' statute of limitations argument based on the same rationale applied by the Second Department in A.P. v. John W. Lavelle Prep Charter School, 228 AD3d at 147-48. 
The Defendants further argue for dismissal of the Amended Complaint on the grounds that Plaintiff fails to state a cause of action for discrimination, retaliation, and aiding and abetting. The Defendants argue that the Plaintiff's allegations in her Amended Complaint fail to state a claim for employment discrimination and/or retaliation under NYSHRL and/or NYCHRL. They also argue that the Plaintiff fails to plead a cause of action for failure to accommodate. The Plaintiff's motion opposition papers only address the Defendants' argument that she failed to state a claim for failure to accommodate. The Plaintiff is deemed to have abandoned any potential claims she may have intended to bring under NYSHRL and/or NYCHRL, other than a religious accommodation claim, due to Plaintiff's failure to otherwise oppose the Defendants' motion seeking dismissal for failure to state a claim. (Delanerolle v St. Catherine of Sienna Med. Ctr., 231 AD3d 1013, 1015 [2d Dept 2024]). 
For the Plaintiff to overcome the Defendant's motion to dismiss concerning her failure to accommodate claim, the Plaintiff must plead facts showing that: (1) she held a bona fide religious belief conflicting with an employment requirement; (2) that she informed her employer of this belief; and (3) she was disciplined for failure to comply with the conflicting employment requirement. (Knight v Connecticut Dept. of Pub. Health, 275 F3d 156, 167 [2d Cir 2001]). 
In this case, the Court finds that the Plaintiff's Amended Complaint, as amplified in her proposed Second Amended Complaint, alleges sufficient facts to state a cause of action for religious discrimination based on failure to accommodate. The Plaintiff alleges in her Amended Complaint, as amplified in her proposed Second Amended Complaint, that she is an observant Jew, and that under applicable Jewish law she is proscribed from working on certain Jewish holidays such as Rosh Hashanah, Yom Kippur, and Simchas Torah. She further alleges that while employed, she had a dispute regarding whether she could take off for Jewish holidays, and that Defendant Hanratty offered to let Plaintiff take off some of the holidays but not all of them. She alleges that she and Defendant Hanratty got into a heated discussion in late September of 2022 concerning the issue of her taking the days off, and that during such discussion Mr. Hanratty threatened to fire the Plaintiff if she had excessive absences due to religious observance. Plaintiff alleges that she made clear during the discussion that she needed the days off for religious reasons. Plaintiff alleges that after their discussion, she took off for Rosh Hashanah, Yom Kippur, and Simchas Torah, and that she was discharged from employment shortly (ten [10] days) after she was absent for Simchas Torah. 
The Court finds that, accepting as true all of the allegations in the Plaintiff's Amended Complaint, and proposed Second Amended Complaint, that the Plaintiff has sufficiently pleaded facts which state a claim for failure to accommodate. While the Defendants argue that Plaintiff's Amended Complaint fails to state that taking additional days off for unnamed holidays would [*5]not cause an undue hardship on Brilla, the Court finds that such allegation is not a requirement to state a claim for failure to accommodate. (See Knight v Connecticut Dept. of Pub. Health, 275 F3d 156, 167 [2d Cir 2001]).
On the other hand, the Court agrees that the Plaintiff has failed to state a claim for retaliation, and that the proposed Second Amended Complaint does not remedy the insufficiency to plead such claim in the Amended Complaint. Therefore, the portion of the Defendants' motion which seeks dismissal of the Plaintiff's discrimination claims for failure to state a claim is GRANTED, except that Defendant's motion is DENIED with respect to Plaintiff's claim for failure to accommodate, and Plaintiff may proceed with pursuing her claim for failure to accommodate. 
The Defendants next argue for dismissal of the Plaintiff's claim alleging Aiding and Abetting Discrimination and argue that the Plaintiff fails to allege a discrimination claim. However, as discussed above, the Court finds that the Plaintiff has sufficiently pled a claim for failure to accommodate. The Defendants further argue that the Plaintiff's Aiding and Abetting claim fails because Defendant Hanratty cannot be liable for aiding and abetting his own purported discriminatory conduct. "An individual may be liable for discrimination in violation of the NYSHRL as either an employer [Executive Law § 296 (1)], or as an 'aider and abettor'". (Krause v Lancer & Loader Group, LLC, 40 Misc 3d 385, 398 [Sup Ct 2013] [citing to Executive Law § 296 (6)]). Executive Law § 296 (1) "provides for individual liability where a defendant . . . has 'the authority to hire and fire employees'". (Id.; internal quotations omitted; citations omitted). Further, "an individual employee may be held liable for aiding and abetting discriminatory conduct . . . However, "an individual cannot aid and abet his own alleged discriminatory conduct". (Id. at 398-399; citations omitted).
The Court agrees with the Defendants that because all of the allegations in the Plaintiff's Amended Complaint and proposed Second Amended Complaint concern Defendant Hanratty engaging directly in alleged discriminatory conduct, the Plaintiff's claim for aiding and abetting discriminatory conduct asserted against Defendant Hanratty must fail. (Krause, 40 Misc 3d at 398-399). Furthermore, the Court also agrees with the Defendants that the Plaintiff's conclusory allegations concerning an alleged "agency" relationship between Defendant Seton and Defendant Brilla fail to make out a claim for aiding and abetting as against Defendant Seton. 
As the Court finds that the Plaintiff's Amended Complaint and proposed Second Amended Complaint fail to state a claim for "aiding and abetting" discrimination as against Defendants Seton and Hanratty, the Defendants' motion to dismiss the Amended Complaint [Seq. 002] is GRANTED, to the extent of dismissing Count Two of the Plaintiff's Amended Complaint, which alleges "Aiding and Abetting Discrimination", and to the extent that Plaintiff's claim for failure to accommodate is her only remaining claim under NYSHRL and NYCHRL. The Defendants' motion to dismiss [Seq. 002] is otherwise DENIED.
With respect to the Plaintiff's cross-motion to further amend her Complaint, "[i]n the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit". (Gimenez v Pepsi-Cola Bottling Co. of New York, Inc., 2023-04973, 2025 WL 322131, at *2 [2d Dept Jan. 29, 2025] [citations omitted]). "The determination to permit or deny amendment is committed to the sound discretion of the trial court". (Id.; citations omitted).
The Plaintiff's Cross-Motion to Amend seeks to further amend her Amended Complaint to include additional allegations relating to the issue of whether Seton was a joint employer and [*6]to further amplify the Plaintiff's failure to accommodate claim. Consistent with the Court's determination that the Plaintiff's Amended Complaint and proposed Second Amended Complaint sufficiently alleges the existence of a joint employer arrangement and sufficiently alleges a failure to accommodate claim, but fails to state a claim for retaliation and that Plaintiff has abandoned all other discrimination claims under the NYSHRL and NYCHRL, the Plaintiff shall be granted leave to further amend the Amended Complaint to further allege the joint employer arrangement and failure to accommodate claim. The Plaintiff's Cross-Motion to further amend the Amended Complaint [Seq. 003] is GRANTED, to the extent that Plaintiff is granted leave to further amend the Amended Complaint as reflected in paragraphs 1 through 35 of the proposed Second Amended Complaint which is attached as Exhibit 2 to the Plaintiff's Affirmation in Opposition to Motion to Dismiss and in Support of Cross-Motion to Amend [NYSCEF Doc. No. 24].
The Plaintiff also seeks to further amend her Complaint so that her second claim for Aiding and Abetting is "styled" as a direct claim against the Defendants. The proposed additional allegations are "palpably insufficient" to state a claim for aiding and abetting against either Defendant, in that it is alleged that Defendant Hanratty directly discriminated against the Plaintiff and Defendant Hanratty cannot aid and abet his own discriminatory acts. Furthermore, the conclusory allegations concerning an "agency" relationship between Seton and Brilla and/or between Hanratty and "Ms. Greenberg's Employer" fail to state a claim for "aiding and abetting" against Defendants. Additionally, while the Plaintiff contends that the second count has been amended to reflect alternative direct claims against the Defendants, the Court finds such claims to be patently devoid of merit. Therefore, the Plaintiff's motion to further amend the Amended Complaint [Seq. 003] is DENIED, with respect to the proposed amendments reflected in paragraphs 36 and 37 of the proposed Second Amended Complaint which is attached as Exhibit 2 to the Plaintiff's Affirmation in Opposition to Motion to Dismiss and in Support of Cross-Motion to Amend [NYSCEF Doc. No. 24]. 
Accordingly, it is hereby,
ORDERED, that the Defendant's motion seeking dismissal of the Plaintiff's Amended Complaint [Seq. 002] is GRANTED to the extent that Count Two of the Amended Complaint alleging "Aiding and Abetting Discrimination" asserted against the Defendants is DISMISSED and severed from this action; and it is further,
ORDERED, that the Defendant's motion to dismiss is otherwise DENIED; and it is further,
ORDERED, that the Plaintiff's Cross-motion to further amend her Amended Complaint [Seq. 003] is GRANTED, to the extent that Plaintiff is granted leave to further amend her Amended Complaint as reflected in paragraphs 1 through 35 of the proposed Second Amended Complaint which is attached as Exhibit 2 to the Plaintiff's Affirmation in Opposition to Motion to Dismiss and in Support of Cross-Motion to Amend [NYSCEF Doc. No. 24]; and it is further,
ORDERED, that the Plaintiff's cross-motion to amend is otherwise DENIED; and it is further,
ORDERED, that the Plaintiff shall serve her Second Amended Complaint no later than ten (10) days after being served with notice of entry of this Decision and Order; and it is further,
ORDERED, that the Defendants shall have twenty (20) days from service of the Second Amended Complaint to interpose an Answer thereto; and it is further,
ORDERED, that all parties shall appear for a preliminary conference pursuant to [*7]preliminary conference part rules on March 24, 2025, at 9:15AM; and it is further,
ORDERED, that all other requests for relief not specifically addressed herein shall be deemed DENIED.
This constitutes the Decision and Order of this Court.
Dated: January 30, 2025
Mineola, New York
HON. CONRAD D. SINGER, J.S.C.